WALTER LEE PRINCE, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

421 S.W.2d 627.

(*Knoxville,* September Term, 1967.)

Opinion filed November 24, 1967.

DOUGLAS A. MEYER, Chattanooga, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error. EDWARD E. DAVIS, District Attorney General, and GERALD SUMMERS, Assistant District Attorney General, Chattanooga, prosecuted the case for the State in the trial court.

MR. JUSTICE DYER delivered the opinion of the Court.

Walter Lee Prince, herein referred to as defendant, was brought to trial under a three-count indictment. The first count charged larceny of a 1962 Ford truck, having a value of $800.00; the second count charged receiving and concealing said truck; and the third count, although somewhat vague, is apparently predicated upon T.C.A. sec. 59-504, which makes the temporary taking of a motor vehicle, without the owner's consent, a felony. Upon the trial the defendant was convicted under the first count and sentenced to serve three years in the State Penitentiary.

The trial judge, after special request of the defendant, refused to charge the jury in regard to the third count of the indictment, and such presents the only issue here on appeal. The issue is under what circumstances is the trial judge required to charge on all counts of a several count indictment, where the counts charge separate crimes arising out of the same set of facts.

T.C.A. sec. 40-2518 is as follows:

It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be **included in the indictment, to charge the jury as to all** of the law of each offense included in the indictment,

without any request on the part of the defendant to do so.

Under this Code section we have held the trial judge must charge on lesser included offenses, such as murder in the second degree under an indictment charging murder in the first degree where there is evidence introduced upon which the jury could find the lesser included offense had been committed. We have also held that when there is no evidence to support a conviction of the lesser included offense, then no error is committed in failing to charge on this lesser included offense. See cases cited in notes to this Code section.

We have not been cited, nor from our investigation found, a case from this jurisdiction directly in point on the issue here for decision. Even so, we think the decision should be controlled by the logic and reasoning of our decisions involving lesser included offenses under T.C.A. sec. 40-2518. The decision in the case at bar will turn on whether there was evidence on which the jury could have found the defendant guilty under the third count of the indictment.

On September 3, 1966, at 12:30 o'clock, A.M., an employee of the Chattanooga Disposal Company, owner of the truck in question, discovered the truck was missing and reported same to the police at 12:45 o'clock, A.M. The police soon located the truck and gave chase, but in the traffic lost sight of the truck. A few minutes later, at 1:00 o'clock, A.M., police located the truck parked in front of the home of a relative of the defendant, with defendant in the truck. Defendant claimed he had borrowed the truck from a man named Jack to go to his relative's home to get some money. Defendant also denied stealing the truck or having any knowledge it was stolen.

Officials of the company testified they did not know the defendant, nor had they given him permission to use the truck.

The difference, other than the penalty, between the crime charged in the first count of this indictment and the crime charged in the third count is the intent with which the act was done. Under the first count it was necessary to show defendant had taken the truck with intent of depriving the true owner of its use permanently. Under the third count it would have been necessary only to show defendant had taken the truck with intent to deprive the true owner of its use temporarily, such as taking a joy-ride or going on a particular mission. See cases cited in notes to T.C.A. sec. 59-505.

In *Frazier v. State*, 117 Tenn. 430, 100 S.W. 94 (1906), this Court said:

> The better practice to be pursued by trial judges undoubtedly is for them to charge upon all offenses embraced in the indictment, because whenever there is any doubt that the defendant had been prejudiced by such omission, it will be error, for which it will be the duty of this court to reverse the judgment and remand the case for a new trial. It is only in cases where it is absolutely certain that the omission was not prejudicial to the defendant, in the trial court, that a charge omitting instructions upon every offense contained in the indictment can be sustained; * * *. 117 Tenn. at 441, 100 S.W. at 97.

Under this evidence we cannot say with absolute certainty there is no evidence upon which the jury might have found the defendant had taken the truck temporarily to go on a particular mission. We think the failure

of the trial judge to so charge on the third count of this indictment was prejudicial error.

The judgment of the trial court is reversed and the case remanded for a new trial.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.