Theodore G. Barlow, J.
This is an application to quash a subpoena served on the moving party by the Waterfront Commission of New York Harbor. Counsel for the commission admitted in oral argument that the sole purpose of the subpoena is to place the moving party in a line-up where he will be viewed by witnesses to a theft from a waterfront facility.
The court does not doubt the power of the Waterfront Commission to subpoena the moving party for the purpose of questioning him about matters within the responsibility of the commission. The fact that he is not either registered or licensed by the commission is not a limiting factor (Matter of Barone 18 Misc 2d 1066, affd. 8 A D 2d 783, affd. 7 N Y 2d 913). But the issue presented here is the authority of the Waterfront Commission to use its subpoena power to require participation *534 in a line-up in conjunction with an investigation aimed, at least partially, at the person being subpoenaed.
The right to require a person to exhibit himself in a line-up for identification purposes has been described as “an incident of the State’s power to arrest, and a reasonable and justifiable aspect of the State’s custody resulting from arrest ”. (United States v. Wade, 388 U. S. 218, 260) (concurring opinion of Mr. Justice Fortas, in which the Chief Justice and Mr. Justice Douglas joined.) No authority has been cited to the court holding or even suggesting that an administrative agency has the power to require a witness, not under arrest, to participate in a line-up. The motion is granted.