STATE OF NEBRASKA, APPELLEE, v. DANIEL GEORGE BLOTZER, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. GEORGE WILLSON RUTHERFORD, APPELLANT.

195 N. W. 2d 199

Filed March 10, 1972. Nos. 38237, 38238.

Bruce Smith, for appellants.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendants appeal from convictions for auto theft. The appeals were consolidated for briefing and argument in this court.

The evidence shows that on May 3, 1971, the defendants took a 1964 Chevrolet automobile owned by Charles Louis Gregory and drove it from Cozad, Nebraska, to a point approximately 15 miles east of Sterling, Colorado. They were apprehended there by a Colorado state patrolman. The defendants had left Manhattan, Kansas, on May 1, 1971, in a stolen automobile which they abandoned in Lincoln, Nebraska. They took another car and drove to Hastings, Nebraska, where they abandoned it and took a third car. They abandoned the third car in Kearney, Nebraska, and took a fourth car which they abandoned in Cozad. The defendants intended to go to California and testified that they would have abandoned the Gregory automobile when it ran out of gas.

The principal assignments of error relate to the intent which is an essential element of the crime. The defendants contend the evidence was insufficient to sustain a finding that they intended to deprive the owner of his property permanently and that the instructions to the jury were erroneous because they did not advise the jury that such an intent was an essential element of the crime.

The statute refers to any person who "steals" an automobile. § 28-522, R. R. S. 1943. Instruction No. 8 defined "steal" as a taking without right or leave with intent to keep wrongfully. This is a commonly understood meaning of the word and has been approved by other courts. See, Morissette v. United States, 342 U. S. 246, 72 S. Ct. 240, 96 L. Ed. 288; Grooms v. State, 85

Fla. 413, 96 So. 296. The instruction conformed to the definition contained in NJI No. 14.10 and was not erroneous.

The principal distinction between automobile theft and the lesser offense of taking an automobile for wrongful use (§ 28-521, R. R. S. 1943) is the intent to keep wrongfully which is an element of automobile theft. Where the property is returned to the owner promptly there may be no basis for a finding of intent to keep wrongfully. Where the property is abandoned at some distant place, after it has served the purposes of the taker, there is some conflict in the authorities as to whether the circumstances will sustain a finding of an intent to keep wrongfully. See, 50 Am. Jur. 2d, Larceny, § 37, p. 197; 52A C. J. S., Larceny, § 27, p. 450. We think the better rule is that abandonment at a distant place presents a question for the jury as to whether there was an intent to keep wrongfully. See State v. Warner, 187 Neb. 335, 190 N. W. 2d 786.

The evidence shows the defendants intended to drive the Gregory automobile as far as they could before abandoning it. When the automobile was recovered at Sterling, Colorado, it had been driven 240 miles and had been damaged mechanically. The motor mounts were broken; the center carrier bearing on the drive shaft was broken; the front wheels were out of alignment; there was but little oil left in the crankcase; and the left rear fender and two pieces of chrome had been damaged. There is nothing in the record to suggest an intention to return the automobile to the owner. The evidence was clearly sufficient to sustain a finding of an intent to keep wrongfully.

The defendants complain the trial court in a preliminary statement to the jury, and the county attorney in his closing argument, used the term "joy riding" when referring to the offense of taking for wrongful use. The term is one in common use and could not have misled the jury. See State v. Eyle, 236 Ore. 199, 388 P. 2d 110,

9 A. L. R. 3d 628. The trial court was not required to give the requested instruction that taking for wrongful use is a serious offense for which an adequate punishment is provided.

The defendants also complain that the sentences of imprisonment for 18 months to 5 years are excessive. The defendants were absent without leave from the military service and were under the influence of drugs at the time they left Manhattan, Kansas. They were on their way to California when apprehended in Colorado and had stolen 4 automobiles before they took the Gregory automobile. In view of these circumstances we are unable to say that the sentences are excessive.

The indeterminate sentences will allow the defendants to be released at a relatively early date if they make a sincere effort at rehabilitation.

The judgments are affirmed.

AFFIRMED.