David SPENCER, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee.

Nov. 19, 1973.

William O. Foutch, Jr., Morristown, for appellant.

David M. Pack, Atty. Gen., State of Tennessee, William B. Hubbard, Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for appellee.

## OPINION

LEECH, Special Justice.

Petitioner, David Spencer, was convicted of grand larceny and was subsequently sentenced to three years in the state penitentiary. The Court of Criminal Appeals affirmed the trial court's judgment with one judge dissenting.

The facts show that on December 11, 1971 a 1969 Ford Ranchero pick-up truck valued at $2,800.00 was taken from the Morristown Power System. The theft was reported and the vehicle was later found wrecked and abandoned on Maple Valley Road in Hamblen County. The next day, petitioner and Hubert McDaniel were taken into custody and advised of their *Miranda* rights. Upon being questioned, petitioner claimed he neither took nor drove the stolen Ranchero. He did not testify at his own trial.

McDaniel, as a State's witness in petitioner's trial, testified that on the evening in question petitioner came to him, told him he had "borrowed" a car, and was going to his mother's place in Jefferson County to get some money. The two then got into the Ranchero, petitioner driving, and proceeded to Jefferson County. In route, the truck went out of control on wet pavement and slid into a woman's yard where they abandoned it. McDaniel further testified that he did not at that time know the truck was stolen, but thought it was "borrowed".

Petitioner contends that the trial court's failure to instruct the jury on the offense of temporary taking of a motor vehicle or "joyriding" pursuant to § 59–504 T.C.A., as

a lesser included offense of grand larceny, even though the special charge was requested, was reversible error. The Court of Criminal Appeals held that "joyriding" in violation of § 59–504 T.C.A. is a lesser included offense of larceny. In addition, however, they stated that the well settled rule is that a charge to a jury on a lesser included offense which is mandatory without any request on the part of the petitioner was inapplicable because there was no evidence which would permit an inference of guilt as to the lesser included offense upon any view which the jury might take of the evidence.

Initially, this Court must determine whether "joyriding" is a lesser included offense of larceny. This issue is one of first impression to Tennessee, although from the language of Prince v. State, 220 Tenn. 587, 421 S.W.2d 627 (1967), it would appear that we have already inferentially so held.

Section 59–504 T.C.A., describes the offense commonly referred to as "joyriding". The statute is designed to condemn the acts of a person who takes another's vehicle unlawfully, but without the intent to deprive the owner of its use permanently. However, the taking of a vehicle with the intent to steal or permanently deprive the owner of its use is prohibited by § 39–4202 T.C.A., and is larceny. From a careful examination of the elements of both crimes, it is clear that the only difference in the two is that in "joyriding" there is not the element of intent to steal. Thus, we hold that the "joyriding" statute, § 59–504 T.C.A., stands as an included offense of larceny. See, e. g., State v. Blotzer, 188 Neb. 143, 195 N.W.2d 199 (1972); Commonwealth v. Nace, 222 Pa.Super. 329, 295 A.2d 87 (1972); State v. Eyle, 236 Or. 199, 388 P.2d 110 (1963).

There remains before this Court the question whether the facts in the instant case would permit an inference of guilt of the lesser included offense. If so, § 40–2518 T.C.A. requires that the trial judge charge the jury as to the lesser offense.

In the instant case, it is clear that the charge should have been given because every element necessary to prove a violation of the "joyriding" statute was present. Petitioner took the Ranchero from the owner and used it on a frivolous adventure. Moreover, the vehicle was abandoned. The only element left in question was whether petitioner intended to permanently deprive the owner of the vehicle or whether he intended to merely use it and then abandon the vehicle, as he did. Since the trial judge failed to give an appropriate charge on "joyriding" the jury had no alternative but to acquit or convict the petitioner on the higher felony which embraces every element of fact necessary to convict for the lesser offense. It is clear that the element of intent must be determined by the jury from the facts based upon thorough instructions on the law from the trial judge. This necessarily follows because intent, like other elements, cannot be presumed but must be proven. See Liming v. State, 220 Tenn. 371, 417 S.W.2d 769 (1966). Had the proper instructions been given, petitioner could have been convicted of the lesser offense. Therefore, it was the duty of the trial judge to charge the jury as to the lesser offense. There is no judicial discretion involved, it is a positive duty. See T.C.A. § 40–2518, Good v. State, 69 Tenn. 293 (1878).

It results therefore that the judgment of the Court of Criminal Appeals is reversed and the cause is remanded to the trial court for a new trial.

DYER, C. J., McCANLESS and FONES, JJ., and JENKINS, Special Justice, concurring.