STATE of Tennessee, Appellee,

v.

Bruce D. BRILEY, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

March 6, 1981.

Ronald B. Buchanan, Hendersonville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, C. Wayne Hyatt, Asst. Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

TATUM, Judge.

The defendant, Bruce D. Briley, a juvenile, was tried in the Sumner County Criminal Court as an adult. He was convicted by a jury of armed robbery with punishment fixed at 10 years in the State penitentiary. He was also convicted of grand larceny (automobile) for which his punishment was fixed at not less than 3 nor more than 5 years in the penitentiary, petit larceny with punishment of 30 days in the County workhouse and malicious mischief for which a $50 fine was imposed.

On this appeal, he assigns five issues for review. He states that the trial judge

erred in not remanding his case to the juvenile court for further proceeding and erred in refusing to suppress certain physical evidence and permitting evidence of a line-up identification. He further insists that the trial judge erred in refusing to permit him to cross-examine a State witness relative to prior misdemeanors and in refusing to instruct the jury concerning the "joy riding" statute. After considering the issues, we conclude that the judgments below must be affirmed.

The defendant has raised no question attacking the sufficiency of the evidence. However, we will briefly summarize the facts to aid in discussing the issues presented.

At approximately 10:00 P.M. on November 3, 1979, Mr. and Mrs. Gary Brooks were sitting in their parked automobile on the side of a road. Brandishing a rifle, the defendant approached them and demanded their money, billfold and pocketbook. After complying with the defendant's demand, they went to the police station and reported the robbery.

At approximately 3:00 A.M. on the morning of November 4, 1979, the defendant went to the home of Mr. Hilman Gregory and removed a stereo tape player and several tape cartridges from the automobile of Scott Gregory. He attempted to drive away one of Mr. Hilman Gregory's automobiles but ran off the driveway into a ditch. A police officer observed the defendant sitting in the car with the motor running. The defendant was "pretty high, but he didn't smell that much of alcohol." A .22-caliber rifle and several of Scott Gregory's tapes were in the backseat of the automobile. The tape player was in the back of another automobile owned by Mr. Hilman Gregory.

The police officer arrested the defendant; and while he was being transported to jail, he kicked out a window of the police car.

In his first issue, the defendant says that the transfer hearing afforded him did not conform with T.C.A. §§ 37–224, 37–226 and 37–227 as required by T.C.A. § 37–234. He complains because the juvenile judge observed at the beginning of the trial that the 17-year-old defendant had been in a correctional institution and had undergone a psychiatric evaluation. From the information in the court file, the juvenile judge announced "As far as this court knows, there is nothing that can be done in the community for this young man. This hearing is for the sole purpose of determining probable cause." The juvenile court did not inhibit the defendant's attorney from introducing evidence, cross-examining witnesses, or in any other way.

The defendant was ordered transferred to the Criminal Court for trial on November 29, 1979. He was indicted January 14, 1980; and on February 7, 1980, the defendant filed the following motion in the Criminal Court:

> "Now comes the defendant, Bruce D. Briley, through counsel, and would move this court pursuant to T.C.A. § 37–258, to remand this cause back to the juvenile court of Sumner County, Tennessee, for a new hearing pursuant to T.C.A. 37–234, to be held before an attorney judge."

The defendant did not seek a hearing in the Criminal Court to determine whether that court would accept jurisdiction over him as authorized by T.C.A. § 37–258. Since no motion for an acceptance hearing was filed by the defendant within ten days of the Juvenile Court's order, the defendant was subject to indictment and trial as an adult. T.C.A. § 37–258(d). Any alleged irregularity in the Juvenile Court transfer proceedings was waived. Rule 36(a), T.R.A.P.

On April 11, 1980, the defendant filed an amendment to the above-quoted motion asking that the indictment be dismissed. Neither the original nor the amended motion complied with Rule 47, Tenn.R.Crim.P., requiring that a motion "shall state the grounds upon which it is made...." This provision is mandatory. The opposing party is entitled to be informed as to the grounds of a motion before it is presented for determination to enable him to make appropriate preparation for response. While not al-

leged as a fact in either the original or amended motion, one could infer that it was based on the ground that the Juvenile Judge was not an attorney.

■ The defendant asked us to extend the Supreme Court's ruling in *Anglin v. Mitchell*, 596 S.W.2d 779 (Tenn.1980), so as to require that a Juvenile Judge who holds a transfer hearing be a licensed attorney. In the *Anglin* case, the Supreme Court carefully restricted its holding to the requirement for an attorney juvenile judge only in cases where an adjudication of guilt would result in commitment to the Department of Correction. 596 S.W.2d, *supra*, at 796. We decline to extend the Supreme Court's holding in the *Anglin* case to require a lawyer juvenile judge in "bind-over" cases.

For the several reasons above discussed, the issue attacking the validity of the Juvenile Court hearing is overruled.

■ In the next issue, the defendant complains of the trial court's refusal to suppress a .22 rifle shown to have been used in the armed robbery. The defendant had filed a discovery motion under Rule 16(a)(1)(C), Tenn.R.Crim.P. The trial court granted the motion, and the State replied that it had no such objects in its possession at that time. Prior to the beginning of the trial, the District Attorney General, who had subsequently obtained possession of the rifle, permitted defense counsel to inspect the rifle.

The record reflects that the District Attorney General was aware that the rifle had been seized but was also aware of the fact that the police officers had returned the rifle to the defendant's father on the day of the defendant's arrest. Prior to the trial, the police officer went to the defendant's home and recovered the weapon from the defendant's father. The defendant was made aware of the seizure of the gun in the preliminary hearing.

Only property "within the possession, custody or control of the State" comes within the purview of the inspection mandate of this code section. Rule 16(a)(1)(C), Tenn. R.Crim.P. It appears that the rifle was shown to the defendant's attorney within a reasonable time after it was obtained from the defendant's father. The record does not disclose that defense counsel made any inquiry as to the location of the rifle.

The defendant alleges that his strategy was impaired, but there is no showing that his rights were prejudiced as a result of not being apprised earlier of the fact that the rifle would be made an exhibit. The defendant did not desire a continuance but states that the evidence should be excluded to discourage such practices on behalf of the District Attorney General's office.

Rule 16(d)(2), T.R.C.P., does not mandate the exclusion of evidence not disclosed. The evidence should be excluded only when the failure to comply with a Rule 16 order results in actual prejudice to a party, and the prejudice cannot be removed by a continuance or means other than suppression.

Rule 16(d)(2), Tenn.R.Crim.P., does not mandate the exclusion of evidence not disclosed. The evidence should be excluded only when the failure to comply with a Rule 16 order results in actual prejudice to a party, and the prejudice cannot be removed by a continuance or means other than suppression. ment of an attorney for failure to comply with a discovery order. The court should employ its contempt powers for punishment purposes.

For the reasons above stated, we overrule the second issue.

■ The defendant next complains that he did not "knowingly and intelligently waive his rights to participate" in a lineup conducted by police for identification purposes. The defendant was represented by counsel at the lineup. The defendant's argument in support of this issue is grounded on the false premise that he had a right not to participate in the lineup after arrest. He cites no authority and makes no argument on this proposition. It is uniformly held that arrested persons may properly be compelled to submit to a lineup for identification purposes. *Thompson v. Peyton*, 406 F.2d 473 (4th Cir. 1968); *Powell v. State*, 1 Md.App. 495, 231 A.2d 737 (1967); *Hayes v.*

*Waterfront Commission,* 60 Misc.2d 533, 303 N.Y.S.2d 334 (1969).

The defendant next complains because the trial judge refused to permit him to cross-examine a State witness as to prior misdemeanor convictions involving marijuana for impeachment purposes. The trial judge was correct; there is no connection between misdemeanors involving marijuana and the veracity of a witness. *Hatchett v. State,* 552 S.W.2d 414 (Tenn.Cr.App.1977).

Finally, the defendant complains that the trial judge declined to charge the jury on the offense of joy riding as a lesser included offense to grand larceny of the automobile. The defendant cites *Spencer v. State,* 501 S.W.2d 799 (Tenn.1973), wherein the Supreme Court held that the offense of joy riding is a lesser included offense to the crime of larceny of an automobile. The *Spencer* court held that the joy riding statute, T.C.A. § 59–504, should have been charged when there was evidence that the defendant had "borrowed" the automobile and had actually abandoned it before his apprehension. The *Spencer* court held that this evidence raised the question of the defendant's intent at the time of the taking, and recognized that the only distinctions between larceny of an automobile and joy riding is the defendant's "intent." If the defendant takes the automobile with intent to permanently deprive the owner of it, then the offense is larceny. If the defendant takes the automobile to keep it temporarily and not to permanently deprive the owner of it, then the offense is joy riding.

We do not have the same factual situation in the case at bar. The uncontradicted evidence was that the defendant had placed stolen property and his rifle in the automobile and did not abandon it even after it was rendered inoperable when he ran it into a ditch. He was still trying to get the automobile out of the ditch when he was apprehended by the officer. There is no evidence that the defendant had "borrowed" the automobile or intended to restore it to the owner.

If no evidence at all is offered as to a lesser included offense, there is no requirement that it be included in jury instructions. *Howard v. State,* 578 S.W.2d 83, 85 (Tenn.1979); *Johnson v. State,* 531 S.W.2d 558 (Tenn.1975); *Reynolds v. State,* 210 Tenn. 310, 358 S.W.2d 320 (1962). Since there is no evidence upon which the jury could conclude that the defendant only intended to temporarily deprive the owner of the automobile, we find no error.

The judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.