**STATE of Tennessee, Appellee,**

v.

**James Arthur ALLEN, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Feb. 27, 1985.

Permission to Appeal Denied by
the Supreme Court June 3, 1985.

Thomas W. Brothers, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, David M. Himmelreich, Asst. Atty. Gen., David L. Raybin, Mark Beveridge, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

Appellant was convicted by a jury of the offenses of murder in the second degree, see T.C.A. § 39-2-211, and larceny of a motor vehicle, see T.C.A. § 39-3-1101. The trial court sentenced appellant to imprisonment for thirty-five (35) years on the murder conviction and for five (5) years on the larceny conviction, the sentences to run consecutively.

On February 19, 1983, the body of a deceased white male was found at 1929 Batavia, Nashville, Tennessee. The cause of death was determined to be a cerebral contusion caused by a blunt instrument. On March 8, 1983, appellant was arrested and charged with the murder of the victim. Appellant told police that he had been picked up by the victim and driven to Batavia Street where they purchased marijuana. He admitted striking the victim with a rock and stealing the victim's wallet and automobile.

Appellant appeals as of right and asserts six issues for our review: (1) whether the verdict of guilty of second degree murder is inconsistent with the jury's acquittal of the predicate armed robbery felony; (2) whether the evidence is sufficient to support the conviction of larceny; (3) whether the trial court erred by excluding certain out-of-court statements; (4) whether the trial court erred by allowing the admission of certain photographs of the victim; (5) whether the trial court erred by denying appellant's special request for a charge to the jury concerning the theory of the defense; and (6) whether the trial court erred by denying appellant's motion for a state-paid investigator.

The grand jury of Davidson County returned a four-count indictment against appellant, accusing him of committing the following offenses: count 1: premeditated first degree murder; count 2: murder in the perpetration of a felony, armed robbery; count 3: armed robbery, by means of a brick; and count 4: larceny of a motor vehicle. The jury acquitted appellant on count 1, premeditated murder, and count 3, armed robbery. The jury found appellant guilty under count 2 of murder in the second degree and under count 4, larceny of a motor vehicle.

Appellant argues that the jury's finding of guilty of second degree murder under count 2, murder in the perpetration of a felony, armed robbery, is inconsistent with the jury's acquittal of appellant of the robbery charge under count 3. The State, citing no authority, maintains that there is no inconsistency, the element of malice having been supplied by the manner in

which the victim was killed, not by any underlying felony.

 The murder in the perpetration of a robbery is murder in the first degree, T.C.A. § 39-2-202(a). Inherent in this offense is the lesser included offense of murder in the second degree. It would be sheer speculation to fathom the reasoning of the jury in arriving at the murder in the second degree conviction. What is necessary is that the evidence supports the verdict. With appellant admitting and testifying that he struck the decedent and the State proving that a blow split the victim's skull causing death, malice could be inferred from appellant's act. Malice, the essential element of second degree murder, having been proved, the evidence supports the verdict. The verdict on a multiple-count indictment does not have to be consistent as to each count. *State v. Gautney*, 607 S.W.2d 907 (Tenn.Cr.App.1980); *see also United States v. Powell*, — U.S. ——, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). The issue is overruled.

 In the second issue, appellant argues that the evidence is insufficient to support his larceny conviction. The record reflects that after appellant hit the victim with a brick, he drove away from the scene in the victim's car, a yellow Camaro, during the early morning hours of February 19, 1983. Around noon on that day, appellant, while driving the victim's car, told his cousin that he was crusing in a friend's car. On February 21, 1983, at about 11:00 a.m., appellant told his cousin that he had gotten rid of the car but was planning to sell the battery from the car. After appellant drove the car to an apartment on Garden Street, he and his cousin took the battery out of the Camaro and placed it into another car. Appellant discussed with his brother the sale of some tires. On February 23, 1983, police found the Camaro at the Garden Street address. The battery and battery cables were missing. Police found the missing battery and cables in appellant's brother's car. In a voluntary statement made to police, appellant admitted that he "sold the . . . parts to anyone that wanted

to buy them." At trial, appellant stated he was guilty of a "stolen car."

After evaluating the evidence in the strongest legitimate view in favor of the State, *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978), we conclude that any rational trier of fact clearly could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e). The evidence overwhelmingly indicates that appellant intended to permanently deprive the owner of his property. *See Spencer v. State*, 501 S.W.2d 799, 800 (Tenn.1973). This issue has no merit and is overruled.

In the third issue, appellant contends that the trial court erred by denying the admission of certain out-of-court statements made by a woman to an investigating police officer. In her statement to police, the woman said she had observed the victim arguing with a Cuban, one Carlos, in front of some apartments near the murder scene.

 Appellant offers several alternative theories why the statements should have been admitted. First, he argues that the statement was not offered to prove the truth of the matter asserted. This theory fails because the statement would be irrelevant for any other purpose. The statement, even though contained in a police report, was not admissible as a business report. The business record exception does not apply to a statement made by a declarant who is not under a business duty to give the information. *See* D. Paine, *Tennessee Law of Evidence*, § 79 (1974). Appellant's waiver of his right to confrontation did not, in and of itself, make the hearsay admissible under T.C.A. § 24-7-111. Before a record is admitted under this statute, the court must be of the opinion that "the sources of information, method and time of preparation were such as to justify its admission." T.C.A. § 24-7-111(c). Finally, we fail to see how the exclusion of the hearsay violates appellant's constitutional right to confrontation and effective assistance of counsel as con-

tended by appellant. We note that appellant also argues that he was not provided an important part of the statement in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Since this issue was not raised in his motion for new trial, it is deemed waived. T.R.A.P. 3(e). Furthermore, appellant was informed of the contents of the police report by the State months before trial. The third issue is overruled.

Next, appellant asserts that the trial court erred by allowing certain photographs of the victim to be admitted into evidence because of their prejudicial effect. *See State v. Banks,* 564 S.W.2d 947 (Tenn. 1978). The trial court found that although the pictures were "a little big gory, ... [they] have probative value as to the location of the body, [and] as to the manner in which this person lost his life."

Several photographs show the location of a brick and cinder block, both appearing to be stained with blood, in relation to the victim's body. Another photograph, which was taken at the morgue, shows abrasions on the right side of the victim's face. Absent a clear showing of an abuse of discretion, we cannot declare the judgment of the trial court error. *State v. Banks, supra,* at 949. This issue is overruled.

In the fifth issue, appellant contends that the trial court erred by refusing to charge the jury on the theory of the defense. He urges that we adopt the prac-

tice of requiring the trial court to so charge where requested. *See, e.g., United States v. Garner,* 529 F.2d 962 (6th Cir.1976). The requested instruction submitted by the defendant would amount to a comment on the evidence which a judge may not do. Tenn. Const. Art. VI, § 9. We find the trial judge did not err in this regard in this case.

In the final issue, appellant argues that he was deprived a constitutional right by the trial court's denial of his motion for a state-paid investigator. The trial court found that it did not have authority to grant the request, but did allow appellant the use of officers of the court to assist him in obtaining names of witnesses. Although the legislature has provided for payment of such expenses subsequently to appellant's trial, 1984 Tenn.Pub.Acts, ch. 925 (effective May 31, 1984), appellant had no constitutional right to an investigation at state's expense. *Cf. State v. Williams,* 657 S.W.2d 405 (Tenn.1983). (no constitutional right to hair expert at state expense.) This issue is overruled.

O'BRIEN, and BYERS, JJ., concur.