IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

### STATE OF TENNESSEE v. MAURICE LYDELL PURDY

**Direct Appeal from the Circuit Court for Obion County**
**No. 6-310     William B. Acree, Jr., Judge**

_____

**No. W2000-00460-CCA-R3-CD - Filed November 9, 2001**

_____

The defendant, Maurice Lydell Purdy, was convicted of second degree murder and given a Range I sentence of 19 years. There was no direct appeal. Within a year of the conviction, the defendant filed a petition for post-conviction relief. After the trial court denied relief, this court reversed and granted a delayed appeal. See Maurice Lydell Purdy v. State, No. 02C01-9807-CC-00211 (Tenn. Crim. App., at Jackson, Apr. 7, 1999). In this delayed appeal, the defendant challenges the sufficiency of the evidence. The judgment of conviction is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

David L. Hamblen, Union City, Tennessee, for the appellant, Maurice Lydell Purdy.

Paul G. Summers, Attorney General & Reporter; T.E. Williams, III, Assistant Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 23, 1996, the defendant shot and killed the victim, Demetrius Davis, in retaliation for a beating the victim had administered to the defendant's mother on June 19, 1996. The victim had also kicked the defendant's sister in the face on June 20, 1996. The defendant's cousin, Tammy Bolden, called the defendant and told him about the beatings. Additionally, she informed him that the victim had again threatened harm to his mother, stating that he had "whooped [the defendant's sister] and was gonna whoop [the defendant's mother]." The victim, who was shot near his residence, suffered one wound to the wrist and three to the back. While acknowledging his responsibility for the shooting, the defendant, who was charged with first degree murder, maintained at trial that the homicide qualified as voluntary manslaughter.

A panel of this court granted a delayed appeal based upon the state statutory right to one level of appellate review and the guarantee of a similar right by the United States Constitution. See Purdy, No. 02C01-9807-CC-00211, slip op. at 6; see also Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984) (citing Douglas v. California, 372 U.S. 353 (1963); Ross v. Moffitt, 417 U.S. 600 (1974)). The panel concluded that after the original trial, the defendant's attorney had failed to properly secure his waiver of the right to direct appeal.

In this delayed appeal, the defendant complains that while the evidence was sufficient to support a conviction for voluntary manslaughter, it was insufficient to support the conviction for second degree murder. The defendant acknowledges that the state introduced a confession indicating that he had contemplated the murder for several days before firing the fatal shots, but he contends that the jury rejected the evidence of premeditation by returning a verdict of second degree murder. The defendant argues that a compromise verdict is inappropriate and that the judgment should be modified to voluntary manslaughter based upon the remaining proof. The defendant asserts that "the real provocation occurred on Sunday immediately prior to the shooting" when he observed his mother's "swollen face and the cut above her eye."

At trial, the state established that the defendant, joined by two other men, drove from Tiptonville to Union City after learning of the victim's misconduct. The defendant, armed with a .38 caliber revolver, found the victim at his apartment complex and ran after him when he tried to flee. The defendant confessed that he had shot the victim until he ran out of ammunition. Ten witnesses testified on behalf of the state. Three witnesses testified on behalf of the defense.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). The relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). This court may neither reweigh nor reevaluate the evidence; nor may this court substitute its inferences for those drawn by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). The evidence is sufficient when a rational trier of fact could conclude that the defendant is guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The defendant has the burden of demonstrating that the evidence is not sufficient when there is a challenge to the sufficiency of the evidence. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Second degree murder is defined as "a knowing killing of another . . . ." Tenn. Code Ann. § 39-13-210; see State v. Collins, 986 S.W.2d 13 (Tenn. Crim. App. 1998); State v. Gray, 960 S.W.2d 598 (Tenn. Crim. App. 1997). Voluntary manslaughter is, of course, a lesser included offense of second degree murder. State v. Ruane, 912 S.W.2d 766 (Tenn. Crim. App. 1995). Voluntary manslaughter is defined as "the intentional or knowing killing of another in a state of

passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211.

In this instance, the jury received instructions on both second degree murder and voluntary manslaughter. There was evidence of provocation and evidence that the defendant armed himself, drove several miles to a neighboring city, and then pursued the fleeing victim before shooting him in the back. The jury is presumed to have followed the instructions of the trial court which, in this case, were properly given. See State v. Newsome, 744 S.W.2d 911, 915 (Tenn. Crim. App. 1987). It was the prerogative of the jury to assess the credibility of the witnesses, to weigh the evidence, and to determine the appropriate degree of homicide. On occasion, a jury will exercise its prerogative by determining that the defendant is guilty of a lesser offense, even in light of proof of the greater offense. See Tenn. Const. art. I, § 19 ("the jury shall have a right to determine the law and the facts, under the direction of the court . . . in all criminal cases"); see also, e.g., State v. Allen, 692 S.W.2d 651, 653 (Tenn. Crim. App. 1985); State v. Ray Vance, No. 01C01-9610-CC-00425 (Tenn. Crim. App., at Nashville, Dec. 3, 1997), app. for perm. to app. denied, (Tenn., Sept. 21, 1998); State v. Sherman David Lawson, No. 03C01-9107-CR-192 (Tenn. Crim. App., at Knoxville, Feb. 6, 1992). That is not the case here. The evidence was sufficient to support the jury's verdict.

Accordingly, the judgment of conviction for second degree murder is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE