IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1997 SESSION



**FILED**

**June 09, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| BARRY WELLS, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 02-C-01-9610-CV-00358 |
| | ) | |
| | ) | Lauderdale County |
| v. | ) | |
| | ) | Joseph H. Walker, III, Judge |
| | ) | |
| | ) | (Habeas Corpus) |
| RONNIE RICKARD, | ) | |
| | ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:

Robert H. Hutton
Attorney at Law
1700 One Commerce Square
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
302 Market Street
Somerville, TN 38068

Mark E. Davidson
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Barry Wells (petitioner), appeals as of right from a judgment of the trial court refusing to void his conviction for theft under $500 on the ground the general sessions judge who tried and sentenced him was a lay judicial officer. In this Court, the petitioner contends he was entitled to have a judge licensed to practice law sit in judgment of him. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

On July 17, 1995, an arrest warrant was issued by the clerk of the Lauderdale County general sessions court for the arrest of the petitioner. The warrant alleged the offense of theft under $500, a Class A misdemeanor. The affidavit of complaint alleged the petitioner stole a 13" television on July 12, 1995 from Julia Claybrooks. A deputy sheriff subsequently executed the warrant and the petitioner was placed in the Lauderdale County Jail. The petitioner appeared in the general sessions court on July 24, 1995. He entered a plea of not guilty, waived his right to counsel, and waived his right to trial by jury. The petitioner was found guilty of theft under $500 after a trial on the merits. He was sentenced to pay a $100 fine and serve eleven months and twenty-nine days in the Lauderdale County Jail at 75 percent. All but thirty days of the petitioner's sentence was suspended and he was placed on probation. He was ordered to make restitution in the sum of $250 and to pay the accrued court costs.

On September 28, 1995, a capias was issued for the arrest of the petitioner for a violation of his probation. The capias was not served until August 25, 1996. The petitioner appeared in the general sessions court the next day, August 26, 1996. The petitioner was not advised of the right to counsel and counsel was not appointed to represent him. The petitioner did not waive his right to counsel. The general sessions judge revoked the petitioner's probation. He was ordered to serve the balance of his sentence or pay $522.

The petitioner initiated this action for habeas corpus in the Circuit Court for the 25th Judicial District. The trial court found the petitioner was denied his right to counsel at the revocation hearing. This matter was remanded to the General Sessions Court of

2

Lauderdale County for a new hearing. The general sessions court was directed to provide counsel to the petitioner in the absence of "a clear showing of a waiver of the right to an attorney" in writing.

The trial court found that Lauderdale County has never had a general sessions judge who was licensed to practice law. In 1990, Billy Wayne Williams, a retired state trooper, was elected general sessions judge. No licensed attorney qualified to run for the office.

The trial court followed the decision of the Supreme Court of the United States in North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976) when denying the petitioner relief on this issue. The petitioner relies upon the Tennessee Supreme Court's decision in State ex rel. Anglin v. Mitchell, 596 S.W.2d 779 (Tenn. 1980), to support his contention that he was entitled to a lawyer judge. The trial court also relied upon Tenn. Code Ann. § 16-15-5005.

In North the United States Supreme Court held:

> We conclude that the Kentucky two-tier trial court system with lay judicial officers in the first tier in smaller cities and an appeal of right with a de novo trial before a traditionally law-trained judge in the second [tier] does not violate either the due process or equal protection guarantees of the Constitution of the United States. . . .

427 U.S. at 339, 96 S.Ct. at 2714, 49 L.Ed.2d at 542. This jurisdiction, like Kentucky, has a two-tier system. An accused who submits to the jurisdiction of the general sessions court and is convicted of a criminal offense has the right to appeal to a court of general jurisdiction, a criminal court or circuit court, exercising criminal jurisdiction. Tenn. Code Ann. §§ 27-5-108, 27-3-131 (Supp. 1996). If the accused desires a jury trial, he must write such fact on the face of the appeal form. Tenn. Code Ann. § 27-3-131 (Supp. 1996).

The petitioner's reliance upon State ex rel. Anglin v. Mitchell is misplaced. The Supreme Court made its holding clear. The court said:

> We hold, in the context of a juvenile commitment, that "the law of the land" provision of Article I, Section 8 of the Constitution of Tennessee does not permit a judge who is not licensed to practice law to make any disposition of a juvenile that operates to confine him or deprive him of his liberty.

3

596 S.W.2d at 791. The appellate courts of this jurisdiction have refused to extend Anglin to other circumstances. In State v. Pritchett, 621 S.W.2d 127, 132 (Tenn. 1981), a capital case, the Supreme Court refused to extend Anglin to preliminary hearings conducted by a non-lawyer general sessions judge. This Court reached the same result as Pritchett in State v. Voltz, 626 S.W.2d 291, 295-96 (Tenn. Crim. App.), per. app. denied (Tenn. 1981). This Court has refused to extend Anglin to transfer hearings conducted by a non-lawyer juvenile court judge. State v. Davis, 637 S.W.2d 471, 474 (Tenn. Crim. App. 1982); State v. Briley, 619 S.W.2d 149, 152 (Tenn. Crim. App. 1981).

The Supreme Court in Anglin took great pains to distinguish the application of North to juvenile proceedings and adult proceedings. The court said:

> The differences between North v. Russell and the case at bar are glaring. There the defendant was an adult; here we deal with a minor. There the defendant was sentenced to 30 days in jail, fined $150.00 and stripped of his driver's license; here we are faced with confinements up to seven and eight years. There the offense was a misdemeanor; here it was a felony.

596 S.W.2d at 790. This Court applied North in Voltz.

There is a statutory mandate that general sessions judges be licensed lawyers. However, there is an exception to this mandate. Tenn. Code Ann. § 16-15-5005(b) states that effective September 1, 1990:

> If no licensed attorney qualifies for an election being held to fill the office of general sessions judge, or the only attorney candidate legally withdraws, the county election commission shall extend the qualification deadline for a period of ten (10) days, during which period persons not licensed to practice law may qualify to seek the office of general sessions judge. The provisions of the second sentence of this subsection shall not apply in counties having a population of not less than fifty-one thousand twenty-five (51,025) nor more than fifty-one thousand one hundred twenty-five (51,125) according to the 1980 federal census or any subsequent federal census.

This statute is constitutional. It does not violate the Due Process Clause or Equal Protection Clause of the United States Constitution or the law of the land provision of the Tennessee Constitution.

As previously stated, Lauderdale County has never had a licensed lawyer as a general sessions judge. In 1990 no licensed lawyer qualified for the office. According to

the statute, non-lawyers could qualify for the office. Judge Williams qualified pursuant to the statute and was duly elected by the citizens of Lauderdale County.

## CONCLUSION

Judge Williams was duly elected and qualified to serve in the capacity of general sessions judge by virtue of Tenn. Code Ann. § 16-15-5005(b). Therefore, he had the right to try the petitioner for the misdemeanor offense of theft under $500 after the petitioner waived his right to counsel and trial by jury. Judge Williams also had the authority to sentence the petitioner after finding him guilty.

This Court adopts the holding in North v. Russell. While Judge Williams was not licensed to practice law, the judges of the circuit court are licensed to practice law. Furthermore, the petitioner had a right to appeal his conviction and sentence to the Circuit Court for the 25th Judicial District sitting in Lauderdale County. He was entitled to a jury trial if he had requested it. However, the petitioner failed to appeal. Therefore, he waived his right of appeal. Obviously, the petitioner was satisfied with the sentence because Judge Williams granted him probation for most of the sentence. He did not become dissatisfied until Judge Williams revoked his probation for failing to conform to the conditions of the probation.

_____
JOE B. JONES, PRESIDING JUDGE

5

CONCUR:


_____
        JOHN H. PEAY, JUDGE

                                              6


_____
        JOE G. RILEY, JUDGE