IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## STEVEN L. ANDERSON v. WARDEN GLEN TURNER AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County
No. 9692    Jon K. Blackwood, Judge**

———————————

**No. W2004-00622-CCA-R3-HC  - Filed February 18, 2005**

———————————


The Petitioner Steven L. Anderson appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Steven L. Anderson, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On January 21, 1994, Petitioner entered guilty pleas to one count of aggravated robbery, one count of especially aggravated robbery, and one count of second degree murder.  Pursuant to the plea agreement, he was sentenced as a range I offender for the robbery convictions and as a range II offender for the murder conviction.  The trial court imposed an effective fifty year sentence.

1

On February 18, 2004, the Petitioner filed an application for writ of habeas corpus relief, alleging that the judgments of conviction are void because (1) there was not a valid indictment because second degree murder is not a lesser offense of felony murder, (2) the trial court erroneously sentenced the Petitioner as a range II offender, (3) the guilty pleas were not voluntarily entered, and (4) his due process rights were violated. By order entered February 23, 2004, the trial court summarily denied habeas corpus relief. Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State contends that the Petitioner has failed to allege a ground for which habeas corpus relief may be granted.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Roger L. Hickman v. State*, — S.W.3d —, 2004 WL 2563267, * 1 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, *1 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, *1 (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Petitioner first asserts that the trial court lacked jurisdiction to convict him of second degree murder because the State failed to obtain an indictment against him for this offense. In support of this claim, Petitioner relies upon the principle that second degree murder is not a lesser-included offense of first degree felony murder, the indicted offense. At the time of his guilty plea, second degree murder was a lesser included offense of felony murder. See *State v. Allen,* 692 S.W.2d 651, 653 (Tenn. Crim. App. 1985). The grand jury returned an indictment charging the Petitioner, alternatively, with first degree felony murder and first degree premeditated murder. Second degree murder is a lesser included offense of premeditated first degree murder. Accordingly, the trial court had jurisdiction to enter the judgment against the Petitioner for second degree murder. *See Clifford L. Taylor v. State*, No. 02C01-9703-CC-00098, 4885, 1997 WL 284710, * 1 (Tenn. Crim. App., at

Jackson, May 30, 1997), *perm. to appeal denied*, (Tenn. Mar. 16, 1998) (*order*). Moreover, the judgment of conviction states that the Petitioner pled guilty to the amended charge of second degree murder. A defendant may agree to the amendment of the indictment. *See State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004); *see also* Tenn. R. Crim. P. 7(b). The judgment is valid upon its face.

Next, Petitioner complains that his convictions, sentences, and fines for first degree felony murder and especially aggravated robbery violates the constitutional prohibition against double-jeopardy. First, as the Petitioner was not convicted, sentenced or fined for first degree felony murder, this claim is a non-issue. Moreover, even if there was basis in fact for the claim, the claim would merely render the conviction voidable, not void. This is not a proper claim for habeas corpus relief.

Petitioner also contends (1) the trial court lacked "statutory authority to imposed an enhanced sentencing range, absent a valid waiver of his right/privilege to a range I standard offender status. . .," (2) the evidence was insufficient to support imposition of a range III sentence, (3) the State failed to file notice of its intent to seek enhanced punishment, (4) the Petitioner's guilty pleas were not knowingly entered, (5) the trial court failed to comply with the requirements of *Boykin* and *Mackey,* and (6) the trial court violated Petitioner's right to due process and equal protection of the law. These allegations, even if true, fail to afford the Petitioner with a valid ground for habeas corpus relief. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State,* 945 S.W.2d 706, 709 (Tenn. 1997)). Moreover, our supreme court held in *Hicks* that hybrid sentences are permissible because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks,* 945 S.W.2d at 709. Additionally, the Petitioner's claims relating to an unknowing and involuntary guilty plea are not cognizable in a habeas corpus action because, even if true, the judgment would not be rendered void, but merely voidable. *See Bryan Pearson v. State,* No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, * 2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. to appeal denied*, (Tenn. Nov. 8, 2004).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE