# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 25, 2012 Session

## STATE OF TENNESSEE v. LAWRENCE V. KLINE

**Appeal from the Criminal Court for Scott County**
**No. 9287      E. Shayne Sexton, Judge**

---

**No. E2012-00021-CCA-R3-CD - Filed August 27, 2012**

---

A Scott County Criminal Court jury convicted the defendant, Lawrence V. Kline, of one count of the sale of a schedule IV controlled substance (Xanax), and the trial court sentenced the defendant to two years as a Range I, standard offender to be served on probation. On appeal, the defendant argues that the trial court erroneously admitted into evidence the two Xanax pills. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellant, Lawrence V. Kline.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William Paul Phillips, District Attorney General; and Thomas Barclay, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant's conviction arose from a May 26, 2009 controlled drug purchase wherein the defendant and his co-defendant, Siobhan Lynn Daisy, sold two Xanax pills to a confidential informant, Walter Scott Hudson. Following the trial court's denial of the motion for new trial, the defendant filed a timely notice of appeal.[1]

---

[1] As noted by the State in its brief, the technical record did not include an order denying the motion for new trial. The transcript of the motion for new trial hearing indicates the trial court's denial. Following oral argument and assignment of the case, this court ordered supplementation of the record with the order

(continued...)

Joe Marlow testified at trial that he was a narcotics agent with the Scott County Sheriff's Department ("SCSD") in May 2009. As part of his employment, Mr. Marlow recruited individuals to act as confidential informants and make drug purchases from suspected dealers. Mr. Marlow sought the services of Walter Scott Hudson, who, on May 26, 2009, participated in a controlled purchase of two Xanax pills from the defendant and Ms. Daisy. The entire purchase was tape recorded via a wire transmitter attached to Mr. Hudson. A tape recording of the transaction was exhibited at trial and played for the jury. During the investigation, Mr. Marlow also recovered "two white oblong pills" from Mr. Hudson and forwarded them to the Tennessee Bureau of Investigation ("TBI") Crime Laboratory for chemical analysis and identification.

SCSD Captain Larry Lay testified that he supervised the activities of the narcotics investigation unit in 2009. Accordingly, he supervised Mr. Marlow's investigation and accompanied Mr. Marlow on the controlled purchased involving the defendant. Captain Lay testified consistently with Mr. Marlow concerning Mr. Hudson's purchase of two Xanax pills from the defendant and Ms. Daisy.

Jacob White, a forensic scientist with the TBI Crime Laboratory, analyzed the two pills and determined them to be alprazolam, a schedule IV drug also known by its trade name, Xanax. Agent White's report and the Xanax pills were made exhibits at the trial.

Walter Scott Hudson testified that he pleaded guilty in 2008 or 2009 to a methamphetamine charge and soon thereafter sought employment as a confidential informant because he possessed particularized knowledge of the illegal drug trade in the Scott County area. He recalled purchasing two Xanax pills from the defendant on May 26, 2009. He said that the defendant initially offered him "Perc 30s." When Mr. Hudson told the defendant that he could not afford those pills and asked for two Xanax pills instead, the defendant left Ms. Daisy's apartment for approximately five minutes to retrieve the Xanax pills. When the defendant returned, Mr. Hudson gave Ms. Daisy $12 and watched Ms. Daisy deliver the money to the defendant in return for the two Xanax pills.

Following the denial of a motion for judgment of acquittal and a full *Momon* colloquy, *see Momon v. State*, 18 S.W.3d 159, 161-62 (Tenn. 1999), the defendant elected not to testify. He did not present any other proof. With this evidence, the jury convicted the defendant as charged with one count of the sale of a Schedule IV controlled substance. At sentencing, the trial court imposed a sentence of two years to be served on probation.

---

[1](...continued)
denying the motion for new trial. *See State v. Byington*, 284 S.W.3d 220, 224-25 (Tenn. 2009).

On appeal, the defendant argues that the trial court erroneously admitted the two Xanax pills into evidence at trial in violation of the rules of discovery. *See* Tenn. R. Crim. P. 16 and 12(d). The State contends that the defendant has waived this issue on appeal by failing to include an adequate record on appeal. Alternatively, the State argues that the trial court properly admitted the evidence.

The record reveals that the defendant objected to the admission of the pills during Agent White's testimony. During a jury-out hearing, the defendant argued that the State failed to list the actual pills as evidence intended to be used at trial pursuant to the defendant's discovery requests via Rules 12(d)(2) and 16 and that, therefore, the pills should not be admitted. The State argued that disclosure of the actual pills was not required by Rule 16, that the defendant never requested an independent analysis of pills, and that the case obviously related to the sale of Xanax pills as alleged in the indictment. The trial court ruled that "this has been a sale of schedule four from the beginning. I don't see any reason to keep the product from the jury."

In the case of a discovery violation, the trial court has multiple options available as sanctions for noncompliance. *See* Tenn. R. Crim. P. 16(d)(2) (listing possible sanctions such as ordering discovery, granting a continuance, or exclusion of the nondisclosed evidence). Exclusion of the evidence is generally disfavored and reserved only for those instances when a party is actually prejudiced by the noncompliance and the prejudice cannot otherwise be mollified. *See State v. Garland*, 617 S.W.2d 176, 185-86 (Tenn. Crim. App. 1981); *State v. James*, 688 S.W.2d 463, 466 (Tenn. Crim. App. 1984); *State v. Briley*, 619 S.W.2d 149, 152 (Tenn. Crim. App. 1981).

Initially, we note that at both the jury-out hearing and the motion for new trial hearing, the State exhibited the relevant discovery documents which were provided pretrial to the defendant. This collective exhibit is, however, absent from the record on appeal. The appellant, in this case the defendant, has the burden to prepare a complete record to allow this court to review the issues. *See* Tenn. R. App. P. 24(g). An appellant who fails to provide an adequate record risks this court's being unable to consider the appellate issues on their merits. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). In that vein, we could deem this issue waived. Furthermore, the record before this court fails to establish whether a discovery violation actually occurred in this case.

That being said, we discern from the averments of counsel during each hearing that the State provided the defendant with a listing of all documents and analytical results it intended to introduce at trial. *See* Tenn. R. Crim. P. 16(a)(1)(F), (G). Each document refers to "two white oblong pills." From the arguments, we also discern that the defendant did not

request independent testing of the Xanax pills at issue in this case. Furthermore, the indictment in this case alleges that the defendant "did unlawfully, feloniously and knowingly sell Xanax, containing alprazolam, a Schedule IV controlled substance." Even if we assume that the State failed to list the pills themselves as an item subject to discovery, we cannot discern how the defendant was surprised, and thereby prejudiced, by the State's introduction of the pills as evidence at trial. Accordingly, we conclude that the trial court did not err in admitting the Xanax pills at trial.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE