STATE OF NEBRASKA, APPELLEE, v. BRENT HUBBARD, APPELLANT.

319 N.W.2d 116

Filed May 7, 1982. No. 44506.

Dennis P. Lee of Thompson, Crounse & Pieper, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired, and RONIN, D.J., Retired.

McCOWN, J.

After trial to a jury the defendant was found guilty of killing Joseph Johnson during the perpetration of or attempt to perpetrate a robbery. Defendant appeals from a sentence of life imprisonment.

The record shows that the defendant Brent Hubbard, Juan Bradley, and Crystal Reynolds were together on the afternoon and early evening of March 8, 1981. Bradley wanted to rob someone in order to buy drugs. Bradley asked the defendant to help "do a robbery." The defendant agreed and Bradley gave defendant a gun. At around 8 p.m., while Bradley and Reynolds waited on the sidewalk, the defendant knocked on the front door of a house at 3110 Nicholas Street in Omaha, Nebraska. When his knock was answered the defendant attempted to gain entrance into the house but was unsuccessful.

When the defendant returned to the sidewalk, Bradley, Reynolds, and the defendant continued to walk in the area. Bradley told the defendant: "I want you to make me some money, man." Reynolds testified that at that point the defendant decided to rob "just anybody."

Shortly thereafter, the defendant went to the home of the victim at 3111 Myrtle Street. When the victim answered the door the defendant apparently asked for directions. When the victim stepped out onto the porch the defendant shot and fatally wounded the victim, Joseph Johnson. When Bradley and Reynolds heard the shot they ran from the scene.

The defendant's principal contention on appeal is that the trial court erred in refusing to instruct the jury on second degree murder and manslaughter. The defendant's position is that these are lesser-included offenses as to which he was entitled to an

instruction where the offense charged was first degree felony murder under Neb. Rev. Stat. § 28-303(2) (Reissue 1979).

Ordinarily where murder is charged, the court is required, without request, to charge on such lesser degrees of homicide as to which the evidence is properly applicable. *State v. Rowe,* 210 Neb. 419, 315 N.W.2d 250 (1982). The defendant's argument as to lesser-included offenses in the case at bar ignores the critical differentiation between a felony murder charge and a regular first degree murder charge with respect to intent.

In *State v. Montgomery,* 191 Neb. 470, 473, 215 N.W.2d 881, 883 (1974), we said: "No specific intention is required to constitute felony murder other than the intent to do the act which constitutes the felony in question. In this instance that was the robbery."

In *State v. McDonald,* 195 Neb. 625, 636-37, 240 N.W.2d 8, 15 (1976), we said: "All that must be proved on a felony murder charge is that a death occurred in the perpetration of one of the specific felonies listed in section 28-401, R.S.Supp., 1974. If those facts are not proven, the defendant is not guilty. Second degree murder or manslaughter are included within a regular charge of first degree murder because the mental state of the defendant determines the degree of the crime. In a felony murder case, the proof of a particular mental state is not required as to the killing. See Garcia v. State, 159 Neb. 571, 68 N.W.2d 151. Where an information charges a defendant with a killing committed in the perpetration of a robbery, it is ordinarily error for the trial court to instruct the jury that it may find the defendant guilty of manslaughter, even though such an instruction is requested."

In *State v. Bradley,* 210 Neb. 882, 317 N.W.2d 99 (1982), we held that no specific intention is required to constitute felony murder other than the intent to

do the act which constitutes the felony during which the killing occurred, and that premeditation and deliberation and a purpose to kill are not elements of felony murder. We approved the statement: " 'The other forms of first degree murder [including felony murder] . . . are not mere pale reflections of wilful, deliberate and premeditated killing. They stand upon their own feet as self-sufficient *definitions* of murder in the first degree. Their own sets of circumstances do not constitute first-degree murder because wilfulness, deliberation and premeditation may somehow be inferred, presumed or implied, but because such wilfulness, deliberation and premeditation are irrelevant considerations and are flatly superfluous . . . . In [felony murder] it is the particular *actus reus*, the . . . means of the murder, which we have singled out for our gravest criminal sanction and not a particular *mens rea*. . . . [Felony murder has] been designated by statute as [an] independently self-sufficient [condition] to constitute murder in the first degree . . . .' " *Id.* at 885, 317 N.W.2d at 101-02.

Where an information charges a defendant with a killing committed in the perpetration of or attempt to perpetrate one of the specific felonies set out in § 28-303(2), second degree murder and manslaughter are not lesser-included offenses, and it is ordinarily error for the trial court to instruct the jury that it may find the defendant guilty of second degree murder or manslaughter, even though such an instruction is requested.

There being no error, the judgment of the District Court is affirmed.

AFFIRMED.