**STATE of Tennessee, Appellee,**

v.

**Gregory Alan GILLIAM, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 14, 1995.

386

Ardena J. Garth, Dist. Public Defender, Donna Robinson Miller, Hiriam G. Hill, Asst. Public Defenders, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., William H. Cox, III, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

HAYES, Judge.

The appellant, Gregory Alan Gilliam, appeals from a conviction of three counts of second degree murder entered against him in the Criminal Court for Hamilton County. The appellant raises four issues on appeal. First, the appellant avers that the trial court erred in allowing the jury to consider charges of second-degree murder. Second, the appellant contends that the trial court erred in enhancing the appellant's sentence with statutory enhancement factors and in ordering the sentences to be served consecutively. Third, the appellant challenges the sufficiency of the evidence to support the convictions for second-degree murder. Finally, the appellant contends that the trial court erred in its response to the jury's question concerning the proof required to establish the element of "knowing."

After a review of the record, we reverse the judgment of the trial court.

On February 27, 1990, the appellant, and a female companion stole a 1976 Corvette Stingray from a used car lot in Bradley County. The vehicle was taken under the pretense of a test drive. When the appellant failed to

return, the operator of the lot reported the Corvette stolen.

Approximately one month later, Deputy Rodney Brown of the Hamilton County Sheriff's Department observed the Corvette in front of him, traveling southbound on Dayton Highway, a two lane highway with occasional stretches of a turning lane in the center. The appellant was driving the Corvette. After following the appellant for approximately one mile, Brown noticed that the car "appeared to be speeding." The appellant then accelerated, drove into the turn lane and passed another vehicle "in a very reckless manner." Brown turned on his blue lights and attempted to stop the appellant. In response, the appellant accelerated and passed another vehicle in a no passing zone. Brown then turned on his siren, radioed the dispatcher and pursued the accelerating Corvette at a high rate of speed. The Corvette reached a speed of approximately 100 miles per hour as it gradually pulled away from Brown. The appellant continued to drive recklessly at a high rate of speed as he approached an area of heavy traffic on both sides of the road. At this point, the appellant swerved into the turn lane, and as the turn lane ended, proceeded to drive down the middle of the highway. Officer Brown discontinued pursuit when the Corvette drove out of his sight.

The Corvette, still traveling at a high rate of speed, then pulled into the northbound lane and collided with an oncoming vehicle. The vehicle was occupied by three young passengers, all of which died as a result of the collision.

On April 4, 1990, the Grand Jury of Hamilton County returned three separate indictments against the appellant for first-degree felony murder. The indictments alleged that the appellant killed the three victims in the perpetration or attempted perpetration of theft, in violation of Tenn.Code Ann. § 39–13–202(a)(2). No other charges were contained in the indictment. After a jury trial, appellant was convicted on all three charges. The trial court sentenced him to three life sentences, to be served concurrently. In *State v. Gilliam*, no. 03–C–01–9109–CR–00287, 1992 WL 79075 (Tenn.Crim.App., Knoxville, Apr. 20, 1992), this court held that the evidence was insufficient to support the verdicts for felony murder and remanded the case to the trial court "for proceedings on the lesser included offenses." *Id.*, slip op. at 8.

On remand, the State chose to dismiss the first indictment. The State then reindicted the appellant for second-degree murder, vehicular homicide and theft. The second indictment charged the appellant with three counts of second-degree murder, three counts of vehicular homicide by recklessness and one count of theft over $10,000. A jury convicted the appellant on the theft count and on all three counts of second-degree murder.[1] After conducting a sentencing hearing, the trial court sentenced the appellant to twenty-three years for each second-degree murder conviction and four years for the theft conviction. The trial court ordered all sentences to be served consecutively, making the effective sentence seventy-three years.

### I. Is Second-degree murder a Lesser Included Offense of First Degree "Felony Murder"?

The appellant contends that the trial court erred in permitting the jury to consider charges of second-degree murder. The crux of the appellant's argument is that second-degree murder under our present law, Tenn. Code Ann. § 39–13–210(a)(1), is not a lesser included offense of first-degree murder committed in the perpetration of theft, Tenn. Code Ann. § 39–13–202(a)(2). If second-degree murder is not a lesser included of first-degree felony murder, then appellant contends that reindictment upon the second-degree murder charge must fail for the following two reasons: (1) reindictment on second-degree murder charges violated this court's instruction to proceed on lesser included offenses and thus constituted prosecutorial vindictiveness; and (2) reindicting and trying the appellant on charges of second-degree murder violated Rule 8 of the Tennessee Rules of Criminal Procedure.

---

1. The appellant does not challenge the theft conviction.

## A. Prosecutorial Vindictiveness

 The appellant alleges that in reindicting the appellant on second-degree murder, the district attorney violated this court's instruction to proceed on "lesser included offenses" on remand. We disagree. "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by the statute, the decisions of whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)). The district attorneys general for this state are officers with the executive branch of government and as an incident of the constitutional separation of powers, the courts are not to interfere with the free exercise of this discretionary authority in their control over criminal prosecution. *See generally Cox v. Hauberg,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). Neither the appellant nor this court has the right to elect which applicable statute shall be the basis of his indictment, subject to procedural bars and the constitutional restraints of equal protection and double jeopardy. *See United States v. Batchelder,* 442 U.S. 114, 123–126, 99 S.Ct. 2198, 2204–2205, 60 L.Ed.2d 755 (1979).

## B. Rule 8

 The appellant also contends that his reindictment and conviction for second-degree murder violated Rule 8 of the Tennessee Rules of Criminal Procedure. Rule 8 provides that:

Two or more offenses *shall* be joined in the same indictment ... with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s) ... and if they are within the jurisdiction of a single court. A defendant *shall not* be subject to separate trials for multiple offenses falling within this subsection unless they are severed pursuant to Rule 14.

(emphasis added). Under this Rule, all crimes arising from the same incident that are not lesser included offenses of another crime charged in the indictment must be charged in separate counts. *See King v. State,* 717 S.W.2d 306, 307–308 (Tenn.Crim. App.), *perm. to appeal denied,* (Tenn.1986). Failure to do so precludes the State from later retrying the defendant for crimes not charged in the original indictment. *Id.* Since the State took an "all or nothing" approach in the first indictment, we must determine whether second-degree murder is a lesser included offense of first-degree "felony murder" as codified in Tenn.Code.Ann. § 39–13–210.

The test for determining whether an offense is necessarily included in another offense was enunciated by the Tennessee Supreme Court in *Howard v. State,* 578 S.W.2d 83 (Tenn.1979). In *Howard,* the court reasoned that "an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser." *Id.* at 85. In order to determine whether second-degree murder is a lesser included offense of felony murder, we must therefore examine the elements of both offenses.

On November 1, 1989, Tennessee enacted a new criminal code. This new code represents a substantial departure from the previous code which was primarily a codification of common law offenses in effect since statehood. In large part, the legislature adopted the American Law Institute's Model Penal Code (hereinafter referred to as the "Model Code").

Prior to the enactment of the 1989 Criminal Code, Tennessee had codified the common law felony murder rule under the first-degree murder statute. *See* Tenn.Code Ann. § 39–2402(4). The distinguishing feature of common law felony murder was that "the premeditated intent to commit a felony or other criminal act [was], by implication of law, transferred from that offense to the homicide actually committed, so as to make the latter offense a killing with malice afore-

thought constituting murder in the first degree." *Farmer v. State,* 201 Tenn. 107, 296 S.W.2d 879, 883–884 (1956) (quoting *Wharton on Homicide,* 3rd Edition, § 119); *see also State v. Middlebrooks,* 840 S.W.2d 317, 336 (Tenn.1992); *State v. Johnson,* 661 S.W.2d 854, 861 (Tenn.1983).

■ A concept basic to the Model Code is the requirement that a culpable mental state is required for all offenses before criminal liability may be found. *See* Tenn.Code Ann. § 39–11–301 (1991). The felony murder doctrine predicates guilt of the murder not upon the culpability of the defendant with respect to the killing, but upon the culpability required for the underlying felony. This doctrine of "transferred intent" is therefore clearly inconsistent with the concept of culpability under the Model Code.

For this reason, the Model Code abandoned the traditional felony murder rule. In its place, the drafters of the code adopted the offense of "reckless" murder. Under the Model Code, recklessness is presumed if the actor is engaged in the commission of an enumerated felony when the killing occurs. *See* MODEL PENAL CODE § 210.2(b).[2]

■ With the enactment of the 1989 Criminal Code, Tennessee likewise abandoned the pure felony murder doctrine and adopted a modified version of the Model Code's offense of reckless murder. Under Tenn.Code Ann. § 39–13–202(a)(2), one is guilty of first-degree murder if that person commits a reckless killing of another in the perpetration or attempted perpetration of an enumerated felony. Thus, our statute differs from the Mod-

el Code provision essentially in that the presumption of recklessness is removed. Under our provision, the prosecution must prove (1) that the killing was committed with the culpable mental state of reckless[3] and (2) that the killing was committed in the perpetration of an enumerated felony.

■ Second-degree murder is defined as "a *knowing* killing of another." Tenn.Code. Ann. § 39–13–210(a)(1) (1991) (emphasis added).[4] Before one may be convicted of second-degree murder, the prosecutor must prove that the killing was committed with the culpable mental state of "knowing".

■ The appellant correctly argues that the mental element of "knowing" is not included in felony murder, which only requires a "reckless" killing. Consequently, the appellant contends, second-degree murder cannot be a lesser included offense of felony murder under the *Howard* test. We agree. "Reckless" is a lesser included mental state of "knowing". *See* Tenn.Code Ann. § 39–11–301(a)(2) (1991). When acting recklessly establishes an element, that element is also established if the defendant acted knowingly. *Id.* Conversely, when acting knowingly establishes an element, that element is *not* established if the defendant acted only recklessly. *See Id.* Therefore, in order to find a defendant guilty of second-degree murder, an element not contained in first-degree felony murder (the mental element of "knowing") must be established. It follows that, under *Howard,* second-degree murder is not a lesser included offense of first-degree

2. The Model Code provision provides that criminal homicide constitutes murder when "it is committed recklessly under circumstances manifesting extreme indifference to the value of human life. Such recklessness and indifference are presumed if the actor is engaged or is an accomplice in the commission of, or an attempt to commit, or flight after committing or attempting to commit robbery, rape or deviate sexual intercourse by force or threat of force, arson, burglary, kidnapping or felonious escape." MODEL PENAL CODE § 210.2(b) (1980).

3. "Reckless" refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circum-

stances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under the circumstances as viewed from the accused person's standpoint. Tenn.Code Ann. § 39–13–302(c) (1991).

4. "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result. Tenn. Code Ann. § 39–13–302(b) (1991).

felony murder.[5] The only lesser included offenses of first-degree felony murder are reckless homicide, Tenn.Code Ann. § 39–13–215 (1991), and criminally negligent homicide, Tenn.Code Ann. § 39–13–212 (1991).[6] Accordingly, we conclude that the appellant's convictions for second-degree murder must be reversed pursuant to Tenn.R.Crim.P. Rule 8(a).

We are compelled to note that the facts of this case, as already indicated, allege death of others by operation of a vehicle. These facts most clearly invoke the specific offense of vehicular homicide by recklessness, Tenn. Code Ann. § 39–13–213. The facts would also support a conviction for second-degree murder.[7] However, the State initially chose not to indict the appellant for either of these crimes, but indicted him only for first-degree felony murder, under a theory of conviction which was tenuous at best. Although the facts of this case are tragic, and the conduct of the defendant reprehensible, we cannot ignore the mandate of Tenn.R.Crim.P. 8.

## II. *Sentencing*

Since we have reversed the appellant's convictions for second-degree murder, all other issues raised by the appellant are moot. We choose, however, to address the sentencing issue for guidance on remand.

The appellant contends that the trial court erred in enhancing the appellant's sentences and in ordering the sentences to be served consecutively. Specifically, the appellant argues that the sentences imposed by the trial court were the result of "judicial vindictiveness."

After the appellant was originally convicted of first-degree murder, the State filed a motion for consecutive sentences. The motion was ruled upon by the trial court at the hearing on the appellant's motion for a new trial. At the hearing, the State submitted that the appellant had a criminal history with numerous arrests, but no convictions. Based on this criminal history, the State contended that the trial court should find that the appellant was a "dangerous offender" pursuant Tenn.Code.Ann. § 40–35–115(b)(4) and impose consecutive sentences. The State relied solely on its argument without supporting evidence. No presentence report or any other evidence concerning the appellant's criminal history was presented. The trial court specifically found that the appellant was not a "dangerous offender" and overruled the State's motion. No enhancement or mitigating factors were submitted or argued because the appellant's convictions for first-degree murder carried automatic life sentences.

At the sentencing hearing held on remand, the State introduced voluminous evidence relating to the appellant's criminal history. Four police officers who had personal knowledge of criminal conduct involving the appellant testified. Their testimony established that the appellant had been involved in the theft of several automobiles and that he consistently used methods of false identification in an effort to conceal his identity. However, from all of the incidents related by the police officers, only two resulted in convictions. The appellant was convicted of receiving stolen property and grand larceny in 1989, for which he received a three year suspended sentence. The State also presented a presentence report, which showed that the appellant had been previously convicted of prowling and resisting arrest. The presen-

**5.** We recognize that in *State v. Allen,* 692 S.W.2d 651, 653 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1985), we held that second-degree murder is a lesser included offense of first-degree felony murder. However, *Allen* was decided before the enactment of the 1989 Criminal Code. We note that other jurisdictions which have adopted the Model Code have held that a lesser degree of homicide is not a lesser included offense of felony murder because of differing mens rea elements. *See e.g., Franks v. Alford,* 820 F.2d 345 (10th Cir.1987) (applying Oklahoma law); *State v. Dennison,* 115 Wash.2d 609, 801 P.2d

193 (1990); *State v. Hubbard,* 211 Neb. 531, 319 N.W.2d 116 (1982).

**6.** In this case, the appellant cannot be convicted of reckless homicide because the statute became effective on May 12, 1993, after the commission of the instant offense.

**7.** When the same conduct may be defined under both a specific statute and a general statute, the person may be prosecuted under either, unless the specific statute precludes prosecution under the general statute. Tenn.Code Ann. § 39–11–109.

tence report also revealed several other arrests for various offenses. The probation officer who prepared the report was unable to discover the disposition of many of the charges. Three of the charges had been dismissed.

Based on the evidence presented at the hearing, the trial court applied the following enhancement factors to all four convictions: (a) previous history of criminal convictions or criminal behavior; and (b) the appellant was on parole at the time the offense was committed. Tenn.Code.Ann. § 40–35–114(1), (13)(B) (1991). No mitigating factors were found by the trial court. The trial court sentenced the appellant to twenty-three years for each second-degree murder conviction and to four years for the theft conviction.

The trial court also ordered all of the sentences to be served consecutively. In making its determination concerning consecutive sentences, the trial court found that the appellant is an offender whose record of criminal activity is extensive, Tenn.Code.Ann. § 40–35–115(b)(2), and that the appellant was on parole at the time the offenses were committed, Tenn.Code.Ann. § 40–35–115(b)(6).

The appellant now argues that the trial court should not have been allowed to apply enhancement factors because it did not apply them to the appellant's original sentences. The appellant also argues that since the trial court specifically declined to order consecutive sentences after the first trial, it was improper to order consecutive sentences on remand. In support of his argument, the appellant relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce*, the United States Supreme Court held that a harsher sentence after a new trial raises a presumption of "judicial vindictiveness," which may be overcome by an affirmative showing on the record of the reasons for the harsher sentence. The Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial ...

In order to ensure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear.

395 U.S. at 725–26, 89 S.Ct. at 2080–81.

Initially, we must point out that it is questionable whether *Pearce* applies to this case. *Pearce* and its progeny appear only to apply where the sentencing body imposes a *more severe* sentence after a new trial. *See, e.g., State v. Russell*, 800 S.W.2d 169, 173 (Tenn. 1990); *Gwinn v. State*, 595 S.W.2d 832, 835 (Tenn.Crim.App.), *perm. to appeal denied*, (Tenn.1979). In this case, the trial court originally sentenced the appellant to three concurrent life terms. On remand, the trial court imposed an effective sentence of seventy-three years. A sentence of seventy-three years is, technically, less severe than three concurrent life sentences. It follows that *Pearce* does not necessarily apply. However, even if *Pearce* applies, the trial court did not err in sentencing the appellant.

### A. Enhancement Factors

■ The appellant's argument that the trial court should not have been allowed to enhance his sentence using statutory enhancement factors is without merit. Because the appellant received automatic life sentences upon his original convictions for first-degree murder, it was neither necessary nor proper for the trial court to apply enhancement or mitigating factors in determining the sentences. Conversely, it was necessary for the trial court to hold a sentencing hearing and apply the applicable enhancement and mitigating factors before sentencing the appellant on the theft and second-degree murder convictions. *See* Tenn.Code.Ann. §§ 40–35–209, –210 (1993). Thus, there is nothing to suggest that the trial court's application of enhancement factors was motivated by "judicial vindictiveness."

Moreover, a *de novo* review reveals that the trial court's application of both enhancement factors was amply supported by the record.

## B. Consecutive Sentencing

The appellant argues that no evidence of the appellant's behavior subsequent to his original convictions in this case was presented at the sentencing hearing, and therefore, *Pearce* requires this court to reverse the trial court's decision. Contrary to the appellant's argument, however, a trial court does not have to support a harsher sentence after a new trial solely on activities of the defendant subsequent to the original trial. *See Texas v. McCullough,* 475 U.S. 134, 141–143, 106 S.Ct. 976, 980–81, 89 L.Ed.2d 104 (1986). When a sentencing judge is confronted with relevant evidence that was not presented at the original sentencing hearing, *Pearce* does not prohibit the judge from using this new evidence to increase the defendant's sentence, so long as the reasons for the increase are affirmatively shown in the record. *Id.*

In this case, the trial court provides an on-the-record, wholly logical, non-vindictive reason for imposing consecutive sentences. When the trial court ruled on the State's motion for consecutive sentencing after the first trial, it was not aware that the appellant was on probation at the time the offenses were committed. However, the State introduced evidence at the sentencing hearing for the current convictions that the appellant was on probation when he committed the current offense. Thus, the trial court properly applied Tenn.Code.Ann. § 40–35–115(b)(6). Also, at the second sentencing hearing, the State introduced voluminous proof of the appellant's criminal behavior, including proof of previous convictions, none of which was presented at the original hearing. Thus, the trial court properly applied Tenn.Code.Ann. § 40–35–115(b)(2). It is clear from the record that the imposition of consecutive sentences was based on this new information and not "judicial vindictiveness."

### Conclusion

We have previously determined that the only lesser included offense of reckless murder applicable to this case is the offense, criminally negligent homicide. We therefore reverse the appellant's convictions for second-degree murder and remand for proceedings not inconsistent with this opinion.

SCOTT, concurs.

WHITE, J., concurs with separate opinion.

WHITE, Judge, concurring.

In this case, I concur with the majority's opinion that Rule 8 of the Tennessee Rules of Criminal Procedure requires the reversal of appellant's second degree murder convictions. I further concur with their conclusion that, under the 1989 Sentencing Reform Act, second degree murder is not a lesser included offense of first degree felony murder. I write separately only because I disagree in part with the conclusions reached by the majority on the sentencing issue. Since the majority notes that the reversal moots the sentencing issue and offers that portion of the opinion for "guidance on remand," it is not necessary for me to address the concerns I have on that issue.