IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1997 SESSION

FILED

August 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9701-CC-00001 |
| Appellee, | ) | |
| | ) | TIPTON COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER, III |
| | ) | JUDGE |
| MARTIN THOMAS TERRELL, | ) | |
| | ) | (Aggravated Kidnapping) |
| Appellant. | ) | |

FOR THE APPELLANT:

**C. MICHAEL ROBBINS (on appeal)**
202 S. Maple Street, Ste. C
Covington, Tennessee 38019

**GARY F. ANTRICAN (trial only)**
District Public Defender
P.O. Box 700
Somerville, Tennessee 38068

**DAVID S. STOCKTON (trial only)**
Assistant Public Defender
131 A Industrial Road
Covington, Tennessee 38019

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**WALTER FREELAND**
Assistant District Attorney General
302 Market St.
Somerville, Tennessee 38068

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

OPINION

The defendant, Martin Thomas Terrell, appeals as of right a jury conviction of aggravated kidnapping, burglary, reckless endangerment with a deadly weapon, and driving on a revoked or suspended license. Although the defendant poses the issue solely as insufficiency of the evidence for the aggravated kidnapping conviction, there are two true issues presented for our review: 1) whether his constitutional right to due process was violated when the District Attorney General chose to indict upon especially aggravating kidnapping instead of attempted aggravated robbery; and 2) whether the evidence is sufficient to sustain the aggravated kidnapping conviction. Finding no error, the judgment of the trial court is AFFIRMED.

**FACTS**

The relevant facts which are undisputed in this case involve the breaking and entering of the Creekmore Piggly Wiggly in Covington, Tennessee. The defendant and another man gained entry to the store by prying open a metal door in the garden center. Randy Hazelrig, the store manager, and Jerry Griffin, another employee, arrived to open the store for business, and the defendant and the second man hid. They later jumped out and ordered Hazelrig to open the safe and ordered Griffin not to move. Although no guns were displayed, the two men threatened to shoot Hazelrig and Griffin if their orders were not followed.

Griffin was able to back out the front door and run across the street to call the police. With a sledgehammer in hand, the defendant forced Hazelrig into the office to open the safe. As Hazelrig attempted to open the safe, he triggered an alarm which apparently scared the two men. The second man said, "[h]it that m---f--- in the head and let's get out of here." When Hazelrig looked up, both men had fled the store.

The police arrived as the men were driving away and a high speed chase ensued. The defendant was apprehended when he stopped the car and started to run away on foot. The other man was never apprehended.

2

At trial, Hazelrig and Griffin testified with regard to the above events. Linda Gamblin, a criminal investigator, also provided testimony. She stated that she took a statement from the defendant in which he admitted his involvement in this criminal episode.

The defense did not offer any proof.

## DUE PROCESS VIOLATION

By indicting the defendant for especially aggravated kidnapping[1] instead of attempted aggravated robbery, the defendant argues the district attorney violated his constitutional right to due process. Specifically, defendant contends he was unlawfully indicted by the district attorney general.

We must first note that this issue has been waived because it was not raised in the motion for new trial. Tenn. R. App. P. 3(e). Nevertheless, we will address the merits of this issue.

### Prosecutorial Discretion

It has been often recognized that "prosecutorial discretion in the charging process is very broad." Quillen v. Crocket, 928 S.W.2d 47, 51 (Tenn. Crim. App. 1995)(citing Cooper v. State, 847 S.W.2d 521, 536 (Tenn. Crim. App. 1992)). "So long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether to prosecute, and what charge to bring before a grand jury generally rests entirely within the discretion of the prosecution," limited only by certain constitutional constraints. State v. Lunati, 665 S.W.2d 739, 746 (Tenn. Crim. App. 1983); Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974) (Due Process may be implicated if a prosecutor vindictively increases a charge to a felony after a misdemeanant has prevailed on appeal). The district attorney general is answerable to no superior and has virtually

---

[1] Although indicted for especially aggravated kidnapping, the defendant was actually convicted of the lesser offense of aggravated kidnapping.

3

unbridled discretion in determining whether to prosecute and for what offense. Dearborne v. State, 575 S.W.2d 259, 262 (Tenn. 1978); see also State v. Gilliam, 901 S.W.2d. 385, 389 (Tenn. Crim. App. 1995).

After breaking into the store, the defendant, while holding a sledgehammer, forced the victim to go to the store's office, some twelve feet away. On these facts, the district attorney general charged the defendant with especially aggravated kidnapping.[2] As noted above, we will not interfere with a district attorney general's charging process absent some constitutional violation. The district attorney general properly sought an indictment for this offense. The record does not reflect any abuse of discretion on behalf of the district attorney general. This issue is without merit.

### State v. Anthony

In arguing that the especially aggravated kidnapping charge violates due process, the defendant principally relies upon State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). The defendant contends that the aggravated kidnapping which occurred in this case was incidental to the uncharged attempted aggravated robbery.

By contrast, the issue raised in Anthony was whether a defendant could be convicted of both armed robbery and aggravated kidnapping growing out of a single criminal episode. Our Supreme Court held that a double jeopardy analysis is inadequate to resolve this issue and analyzed the issue as one involving due process. The issue is whether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction. Anthony, 817 S.W.2d at 306. Accordingly, the Anthony analysis applies when there are multiple or dual convictions consisting of a felony

---

[2] The full indictment included especially aggravated kidnaping, burglary, reckless endangerment with a deadly weapon, and driving on a revoked or suspended license. However, our attention focuses on the charge of aggravated kidnaping since it is the only charge the defendant contests.

4

that would inherently involve a kidnapping and the defendant is convicted of both. Whereas <u>Anthony</u> addresses the question of which convictions may constitutionally stand, the question presented in this appeal concerns whether a kidnapping conviction alone may stand.

In this case, the district attorney general in her discretion chose to charge especially aggravated kidnapping and not attempted aggravated robbery. A prosecutor may choose, consistent with <u>Anthony</u>, to charge only kidnapping when confronted by factual scenarios contemplated by the Supreme Court in <u>Anthony</u>. <u>State v. Ricky Michael Dixon</u>, C.C.A. No. 03C01-9504-CR-00121, slip op. at 7, Hamilton County, (Tenn. Crim App. filed October 15, 1996, at Knoxville) perm. to appeal granted ( April 14, 1997). Consequently, <u>Anthony</u> is inapplicable to this case. In fact, <u>Anthony</u> would not have been violated had this defendant been indicted for both charges and yet convicted of only aggravated kidnapping.

## SUFFICIENCY OF THE EVIDENCE

The defendant argues the evidence is insufficient to sustain the aggravated kidnapping conviction. As stated above, the defendant contends the aggravated kidnapping was essentially incidental to the uncharged attempted aggravated robbery.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); <u>State v. Abrams</u>, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. <u>State v. Sheffield</u>, 676 S.W.2d 542 (Tenn. 1984); <u>State v. Brewer</u>, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

A defendant commits the offense of aggravated kidnapping who knowingly

5

removes or confines another unlawfully so as to interfere substantially with the other's liberty while the defendant is in possession of a deadly weapon or threatens the use of a deadly weapon. Tenn. Code Ann. § 39-13-304(a)(5).

False imprisonment is used as the basic offense for the kidnapping statutes. This statute broadly addresses any situation where there is an interference with another's liberty. See Tenn. Code Ann. § 39-13-302, Sentencing Commission Comments. As such, this case ultimately hinges upon whether the removal of the victim interfered substantially with his liberty.

The facts, as stated above, involve the defendant and another man ordering Hazelrig to open the safe. The defendant and the second man said they would shoot him if their orders were not followed. The defendant, with a sledgehammer in his hand, forced Hazelrig to go to the office, twelve feet away, and open the safe. When Hazelrig did not immediately open the safe, the second man told the defendant to "hit that m---f--- in the head and let's get out of here." The alarm sounded and the two men fled.

The above proof is more than sufficient for a reasonable juror to conclude beyond a reasonable doubt that the defendant knowingly and unlawfully removed Hazelrig from one location to another location so as to substantially interfere with his liberty while the defendant was in possession of a deadly weapon. This issue is without merit.

The judgment of the trial court is AFFIRMED.


_____
JOE G. RILEY, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE

_____
DAVID H. WELLES, JUDGE