**STATE of Tennessee, Appellant,**

v.

**James Earl RAY, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 29, 1997.

No Permission to Appeal Applied for to the Supreme Court.

### *ORDER/OPINION*

In this extraordinary appeal, the state has requested the Court to (1) clarify the authority of Divisions III and IX of the Shelby County Criminal Court relative to their proceedings involving James Earl Ray, and (2) prohibit all further proceedings in the Shelby County Criminal Court other than those filed in compliance with the Post–Conviction Procedure Act. We find that the state's position on appeal is well-taken as to the first request, and the relief is granted. We note

that the state does not raise the issue of recusal of the judge of Division IX.

### A.

■ In reference to Division III, the state alleges that the trial judge of this Division has attempted to engage in a fact-finding process to determine if a conspiracy existed to kill Dr. Martin Luther King, Jr., and if James Earl Ray was involved. In support of this position the state has filed an order dated August 18, 1997, from Division III of the Shelby County Criminal Court appointing Mike Roberts as Special Master and conferring upon the Special Master the authority to "act with subpoena power and take testimony concerning allegations of a conspiracy to kill Dr. King by any person."

■ The record reflects that on March 10, 1969, the defendant, James Earl Ray, pled guilty to first degree murder involving the death of Dr. King. The judgment of conviction which was entered in Division III has been final for over twenty-eight years. The record shows that the most recent petition for post-conviction relief was assigned to Division IX of the Shelby County Criminal Court. This ends our inquiry into the appropriate division. No action is pending in Division III; therefore, there is no case in controversy before Division III. As our Court quoted from Chief Justice Benjamin Cardozo of the New York Court of Appeals:

> The function of judges is to determine controversies.... They are not adjuncts or advisors, much less investigating instrumentalities.... The judge is ... [not] a prosecutor.... He is [not] to follow trails of suspicion, to uncover hidden wrongs, to build up a case as a prosecutor builds one.... [H]is conclusion is [not] to be announced upon a case developed by himself.

*State v. Cash*, 867 S.W.2d 741, 749 (Tenn. Crim.App.1993).

■ The actions of the trial court in appointing a Special Master in this matter exceeded the trial court's authority and encroached upon the constitutional province of the executive branch of government. The District Attorney General is an officer "with the executive branch of the government and as an incident of the constitutional separation of powers, the courts are not to interfere with the free exercise of this discretionary authority in [the district attorney's] control over criminal prosecution." *State v. Gilliam*, 901 S.W.2d 385, 389 (Tenn.Crim.App.1995).

For these reasons, we conclude that Division III of the Shelby County Criminal Court was acting without authority in its appointment of a Special Master to engage in a fact-finding mission concerning the death of Dr. Martin Luther King, Jr. All orders in relation to James Earl Ray entered by Division III on or after July 24, 1997, are declared null and void.

### B.

■ In reference to Division IX of the Shelby County Criminal Court, the state alleges that the trial judge has also engaged in a fact-finding mission beyond the scope of its authority. We find that this trial court has exceeded its authority in the following respects:

1) By characterizing the court's responsibility as "a fact finding and not adversarial process ... relative to the question of whether or not the petitioner's rifle is or is not the murder weapon" (Order dated August 9, 1997, and filed August 11, 1997);

2) By ordering the special agent in charge of the Memphis office of the Federal Bureau of Investigation (F.B.I.) to provide to the court (Division IX) certain ballistic evidence and related laboratory notes for inspection by all parties (Order filed August 11, 1997);

3) By ordering the Shelby County District Attorney General to "make its legitimate claim for these items" (Order filed August 11, 1997);

4) By criticizing the state as being "singularly opposed to vigorously proceeding to ascertain the true facts of this case" (Order filed August 11, 1997);

5) By forewarning of a need for the appointment of either a Master or Special Prosecutor to achieve a neutral, detached and vigorous pursuit of the facts in this case (Order filed August 11, 1997);

6) By ordering that all motions, pleadings or other documents be filed directly with the court, thereby bypassing the office of the clerk of the court; and

7) By ordering and receiving sealed documents, thereby creating the appearance of secrecy.

 Based upon the preceding examples, we find that the trial court has clearly exceeded its authority. The trial court does not have the authority to embark upon a non-adversarial fact-finding mission. We are constrained to observe that Canon 3 of the Code of Judicial Conduct provides that a judge shall perform the duties of judicial office impartially. Rule 10, Rules of the Supreme Court. In other words, a judge must not independently investigate facts in a case and must consider only the evidence presented. Commentary, Canon 3, Rule 10, Rules of the Supreme Court.

This Court's order of April 9, 1997, specifically stated "the trial court has the discretionary, plenary authority to determine whether a party can obtain custody of evidence in the clerk's office." Obviously, evidence in the possession of the F.B.I. is not within the custody of the clerk's office. The trial court's order directing the district attorney to secure and produce this evidence violates the mandates of this Court's previous order, as does the subpoena to the special agent in charge of the Memphis office of the F.B.I.

The trial court's criticism of the district attorney for not vigorously proceeding to ascertain the true facts was clearly inappropriate. As we stated in our order of April 9, 1997, this proceeding is not a discovery device. In view of the history of this case, the state is under no obligation to assist defense counsel in attacking the 1969 conviction of James Earl Ray.

Finally, no authority exists for the trial court's ordering of filings to be made directly with the court or for the ordering and receiving of sealed documents. Such orders create an atmosphere of secrecy.

 Again, we reiterate, the function of a judge is to determine controversies; a judge is a fair and impartial adjudicator, not an investigator. In this regard, we find that Judge Joseph B. Brown, Jr. has crossed this line. Upon review of the record as a whole, we are disturbed by the trial judge's handling of these proceedings.

## CONCLUSION

In summary, we conclude:

1) Neither Divisions III nor IX of the Shelby County Criminal Court has the authority to enter on a fact-finding mission;

2) All orders entered by Division III in relation to James Earl Ray on or after July 24, 1997, are declared null and void;

3) Any orders, including the order of August 11, 1997, directing the production of any ballistic evidence from the F.B.I., entered by Division IX in relation to James Earl Ray which exceed its authority granted by this Court's order of April 9, 1997, are hereby vacated; and

4) The state's request that this Court prohibit any further proceedings in this matter unless and until Ray files a motion to reopen his petition for post-conviction relief is denied, provided, however, that any future proceedings are consistent with this Court's orders.

We order that the state shall not assume any financial obligation involved in any ballistic testing requested by the appellee, James Earl Ray. This case is hereby remanded to Division IX of the Shelby County Criminal Court for proceedings consistent with this opinion.

All of which is so ordered by the Court.

Entered, this the 29th day of August, 1997.

/s/ Paul G. Summers
PAUL G. SUMMERS, Judge

/s/ David G. Hayes
DAVID G. HAYES, Judge

/s/ Joe G. Riley
JOE G. RILEY, Judge