IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

**ANTHONY E. BRASFIELD v. STATE OF TENNESSEE**
**Direct Appeal from the Circuit Court for Weakley County**
**No. CR63-2000      William B. Acree, Jr., Judge**

---

**No. W2001-00169-CCA-R3-PC  - Filed July 19, 2001**

---

The Appellant, Anthony E. Brasfield, appeals from the dismissal by the Weakley County Circuit Court of his petition for post-conviction relief. On appeal, Brasfield asserts that the trial court erred in finding that his trial counsel was not ineffective by failing to preserve in his direct appeal the issues of (1) the trial court's suppression of his confession to the police and (2) the trial court's failure to charge misdemeanor escape as a lesser-included offense of felony escape. With regard to the first issue, we find that although trial counsel was deficient, no prejudice resulted. With regard to Brasfield's second issue, we find that misdemeanor escape is not a lesser-included offense of felony escape; therefore, no error occurred. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Vanedda Prince, Union City, Tennessee, for the Appellant, Anthony E. Brasfield.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Laura McMullen Ford, Assistant Attorney General, Jim Cannon, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**Procedural History and Background**

The Appellant was convicted by a Weakley County jury for the offenses of aggravated burglary, felony escape, and criminal trespass. The Appellant's sentences and convictions were affirmed on direct appeal. State v. Brasfield, No. 02C01-9808-CC-00257 (Tenn. Crim. App. at Jackson, Jan. 22, 1999), *perm. to appeal denied*, (Tenn. June 14, 1999). The facts underlying these convictions are as follows:

On August 1, 1997, Christie Sanders heard a noise from an enclosed back porch area of her home and went to investigate. When she turned on the light, she saw an African-American male inside the room. The man ran out of the house and got into a small, red car that was later identified as belonging to the Appellant. Later that same night, Captain David Moore of the Martin Police Department interviewed the Appellant regarding his whereabouts that evening. The Appellant denied any involvement and was released.

On November 27, 1997, Officer Stacy Bostwick was patrolling the same area when he heard a noise come from a residence. As he shined his flashlight in that direction, Officer Bostwick saw the Appellant jump from the back porch of the residence. After apprehension and arrest, the Appellant was advised by Officer Bostwick of his *Miranda* rights.

At the police station, the Appellant requested to speak to Captain David Moore. When Moore arrived at the station, he again advised the Appellant of his *Miranda* rights. The Appellant signed a waiver of rights form and gave Captain Moore a statement in which he admitted to the trespass and the earlier aggravated burglary of the Sanders residence. The statement also explained that the Appellant's reason for prowling was to find money to support his drug habit. While being booked in the Weakley County jail, the Appellant asked to make a phone call. The jailer, Eric Gordon, removed the Appellant's handcuffs in order to allow the Appellant to make the call. The Appellant, however, threw the phone down and ran out of the jail. Several officers pursued the Appellant on foot before he was eventually captured a few minutes later.

On appeal from the post-conviction court's denial of his petition for post-conviction relief, the Appellant contends that he was denied effective assistance of counsel due to trial counsel's failure to preserve the suppression and misdemeanor escape issues for appeal.

## ANALYSIS

At a post-conviction hearing, the Appellant bears the burden of establishing the allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997). Findings of fact and conclusions of law made by a post-conviction court are given the weight of a jury verdict. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). Unless evidence contained in the record preponderates against the judgment, this court is bound by those findings on appeal. Id. This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Furthermore, to succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation; and (2)

prejudice resulting from the deficiency. This court is not required to consider the two prongs of Strickland in any particular order. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, then that course should be followed. Id. The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

### A. Suppression

The Appellant contends that the post-conviction court erred by finding that trial counsel's failure to preserve the suppression issue for appellate review resulted in no prejudice to the Appellant. Specifically, the Appellant contends that he only confessed to the crimes because he made a "deal" with Captain Moore "that he would be released from custody on a misdemeanor citation to city court" and serve as a confidential informant for the Drug Task Force. Because the alleged "deal" never materialized, the Appellant now asserts that his confession was not freely or voluntarily made. At the suppression hearing, the Appellant testified that he only confessed to the crimes in exchange for a "deal." The trial court, however, found that no "deal" was ever made between the Appellant and Captain Moore. The trial court further found that, even if one accredited the Appellant's testimony concerning the "deal" as truth, there was still no evidence to support the Appellant's assertions that Captain Moore's behavior in any manner overbore the Appellant's will to resist.

In its order denying the Appellant's petition for post-conviction relief, the post-conviction court found as follows:

> Without doubt, it was error for trial counsel to fail to preserve the suppression hearing for appeal. However, the petitioner has failed to establish that there is a reasonable probability that the result would have been different had the Court of Criminal Appeals considered the issue. Accordingly, the petitioner's claim of ineffective assistance of counsel upon this issue is denied.

At the post-conviction hearing, both trial and appellate counsel testified that the suppression issue should have been raised in the motion for new trial. While we agree that trial counsel's failure to raise the suppression issue in the motion for new trial constituted deficient performance, we find no evidence in the record to show how this error prejudiced the Appellant. The record simply does not preponderate against the post-conviction court's findings. At the post-conviction hearing, the only evidence presented about the alleged "deal" was the Appellant's bare assertion that he only gave his confession pursuant to an agreement with Captain Moore. We conclude that the Appellant has failed to establish by clear and convincing evidence that counsel's failure to include the suppression issue within the motion for new trial resulted in any prejudice to him. Thus, this issue is without merit.

### B. Misdemeanor Escape

The Appellant next asserts that trial counsel was ineffective for failing to preserve the issue of misdemeanor escape for appellate review by failing to include the issue within the motion for new

trial. Specifically, the Appellant argues that misdemeanor escape is a lesser-included offense of felony escape and that the trial court erred by not charging the jury on misdemeanor escape since the Appellant was being held on both a felony charge and a misdemeanor charge at the time he escaped.

Initially, we note that misdemeanor escape is not a lesser-included offense of felony escape. In <u>Burns</u>, our supreme court set forth the test for determining when an offense is a lesser-included offense:

(a)     all of its statutory elements are included within the statutory elements of the offense charged; or

(b)     it fails to meet the statutory definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1)     a different mental state indicating a lesser kind of culpability; and/or

(2)     a less serious harm or risk of harm to the same person, property or public interest

<u>Burns</u>, 6 S.W.3d at 466-467. Misdemeanor escape is not a lesser-included offense of felony escape under prong (a) above. Despite the Appellant's claim that "both offenses share the same elements," felony escape does not include the same statutory elements as misdemeanor escape. Under the plain language of the statute, felony escape results when a person escapes from a penal institution while being held for a felony, Tenn. Code Ann. § 39-16-605(a) & (b)(2), whereas misdemeanor escape involves an escape while being held for a misdemeanor. Tenn. Code Ann. § 39-16-605(a) & (b)(1). Additionally, the Appellant argues that misdemeanor escape is a lesser-included offense of felony escape because it satisfies prong (b)(2) above. We reject the assertion that all misdemeanors can be classified as posing a less serious risk of harm than felonies. Certainly, the risk of harm would depend on the type of felony or misdemeanor charged and not the general classification.

The Appellant also argues that a jury instruction on misdemeanor escape should have been given by the trial court because the Appellant was in jail on both a misdemeanor and a felony charge at the time he escaped. Initially, we note this issue was waived because it was not included within the Appellant's direct appeal. Tenn. Code Ann. § 40-36-206(g). We also find this issue to be without merit. "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by the statute, the decisions of whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." <u>Wayte v. United States</u>, 105 S. Ct. 1524, 1530 (1985)(citing <u>Bodenkircher v. Hayes</u>, 98 S. Ct. 663, 668 (1978)). The district attorneys general for this state are officers with the executive branch of government and as an incident of the constitutional separation of powers, the courts are not to interfere with the free exercise of this discretionary authority in their control over criminal prosecution. <u>State v. Gilliam</u>, 901 S.W.2d 385, 389 (Tenn. Crim. App. 1995). Neither the

Appellant nor this court has the right to elect which applicable statute shall be the basis of his indictment, subject to procedural bars and the constitutional restraints of equal protection and double jeopardy. Id.; *see* United States v. Batchelder, 99 S. Ct. 2198, 2204-2205 (1979). Because the grand jury only chose to indict the Appellant on felony escape, the trial court properly declined to charge the jury with misdemeanor escape. As such, trial counsel's failure to preserve the issue in the motion for new trial was not error and, thus, no prejudice occurred.

## CONCLUSION

Based upon the foregoing reasons, we find that the Appellant suffered no prejudice from trial counsel's failure to preserve the suppression of the Appellant's statement and that the issue of misdemeanor escape as a lesser-included offense is without merit. Thus, no error occurred and the judgment of the Weakley County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE