IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 5, 2003 Session

**FLOYD LEE PERRY, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-130     William B. Acree, Jr., Judge**

_____

**No. W2002-02303-CCA-R3-PC  - Filed January 21, 2004**

_____

The petitioner, Floyd Lee Perry, Jr., filed a petition for post-conviction relief in the Obion County Circuit Court.  In his petition, the petitioner raised several issues, with his two chief complaints being that the trial court erred by failing to charge the jury on the lesser-included offenses of felony murder and that trial counsel was ineffective.  Subsequent to an evidentiary hearing, the post-conviction court dismissed the petition and the petitioner timely appealed.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

John M. Miles, Union City, Tennessee, for the appellant, Floyd Lee Perry, Jr.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The petitioner was convicted on February 24, 1999, of second degree murder, felony murder, and especially aggravated robbery.  The trial court properly merged the petitioner's conviction for second degree murder into his conviction for felony murder and sentenced the petitioner to life imprisonment for that conviction.  The trial court also imposed a concurrent twenty-three year sentence for the petitioner's especially aggravated robbery conviction.

On January 27, 2000, the petitioner, acting through counsel, filed his brief in support of his direct appeal in this court.  We have gleaned the following facts regarding the offenses from our opinion on direct appeal:

In this case, Mr. Yates [the victim] left his house [on April 16, 1998,] with a large amount of cash and was seen with the money later in the day. He went to Alice Fay Shields's house looking for crack cocaine, and he showed Ms. Shields about twelve-hundred dollars ($1200.00) while he was there. The [petitioner] was present when Mr. Yates showed Ms. Shields the money. Mr. Yates left Ms. Shields's house with the [petitioner], and they went to find crack cocaine in Mr. Yates's car. The [petitioner] saw a friend[, Cassandra Shields,] and told her that he was going to take Mr. Yates's money. Witnesses heard a few shots fired, and Mr. Yates was found near his car bleeding to death from four (4) gunshot wounds in the back. Mr. Yates had no money, and his personal belongings were scattered all over the street. The [petitioner] was gone. Although the [petitioner] initially denied even being in the area, he eventually admitted that he shot Mr. Yates [in self-defense].

State v. Floyd Lee Perry, Jr., No. W1999-01715-CCA-R3-CD, 2000 WL 1671451, at *6 (Tenn. Crim. App. at Jackson, Oct. 23, 2000). On direct appeal, this court upheld the petitioner's convictions. Id. at **6-7. On November 7, 2000, this court allowed the petitioner's appellate counsel to withdraw from representing the petitioner. Thereafter, on December 19, 2000, the petitioner, acting pro se, filed an application for permission to appeal to our supreme court, which permission was denied on May 21, 2001.

Subsequently, on April 17, 2002, the petitioner, again acting pro se, filed for post-conviction relief. Finding that the petitioner raised colorable grounds for relief, the post-conviction court appointed counsel for the petitioner and held an evidentiary hearing.[1] The petitioner testified that during his trial, the trial court failed to charge the jury regarding any lesser-included offenses of felony murder. Additionally, the petitioner complained that his trial counsel failed to question State's witnesses Alice Fay Shields and Cassandra Shields regarding any plea agreements they may have entered into with the State in consideration for their testimony against the petitioner. The petitioner noted that Alice Fay Shields testified at trial that at the time of her testimony she was incarcerated for selling crack cocaine. The petitioner believed that this testimony indicated a secret agreement between the State and Alice Fay Shields.

The petitioner's trial counsel testified that he filed a motion for discovery prior to the petitioner's trial. In the motion, counsel requested any information regarding plea bargains between the State and the State's witnesses. The State did not divulge the existence of any such agreements.

---

[1] In fact, the post-conviction court held hearings on two separate days. On August 9, 2002, the date originally scheduled for the hearing, the petitioner's post-conviction counsel failed to arrange for the petitioner to be present. Therefore, counsel only made arguments regarding those issues which were clear from the record. On August 16, 2002, a full evidentiary hearing was held with the petitioner present. In our recitation of the facts, we reference proof which was presented to the court on August 16, 2002, as no proof was adduced at the earlier hearing.

Accordingly, counsel did not question Alice Fay Shields or Cassandra Shields regarding any alleged plea bargains.

District Attorney General Thomas A. Thomas informed the court that there was no record of any plea bargain having been made between Alice Fay Shields or Cassandra Shields in consideration for their testimony against the petitioner. The trial court examined the file of Alice Fay Shields and observed that she was serving a nine-year sentence for selling crack cocaine. Although she had originally been charged with a Class A felony, she entered a guilty plea to a Class B felony on September 14, 1998.

The post-conviction court entered an order dismissing the petition, finding that the petitioner had failed to prove that counsel was ineffective. Moreover, the post-conviction court determined that the petitioner was not entitled to relief regarding the trial court's failure to charge lesser-included offenses of felony murder. The petitioner appealed to this court.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997).[2] "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

### A. Jury Instructions

The petitioner first complains regarding the trial court's failure to charge the jury on the lesser-included offenses of felony murder.[3] However, we conclude that this issue was waived

---

[2] Since the post-conviction hearing in the instant case, this provision has been codified at Tennessee Code Annotated section 40-30-110(f) (2003).

[3] The petitioner cites State v. Jason Thomas Beeler, No. W1999-01417-CCA-R3-CD, 2000 WL 1670945 (Tenn. Crim. App. at Jackson, Nov. 2, 2000), as the main authority in support of this issue. However, on July 16, 2001, our supreme court designated the aforementioned opinion "Not for Citation" when denying Beeler's application for permission to appeal. Rule 4(F) of the Rules of the Supreme Court of Tennessee provides:

> (1) If an application for permission to appeal is hereafter denied by this Court with a "Not for Citation" designation, the opinion of the intermediate appellate court has

(continued...)

because the petitioner "personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." See Tenn. Code Ann. §§ 40-30-206(g) (1997) and 40-30-106(g) (2003).

We note that the post-conviction court correctly observed that "[a]t the time the case was tried, the case law was to the effect or held very unequivocally that there were no lesser-included offenses [of felony murder]." See State v. Gilliam, 901 S.W.2d 385, 390-91 (Tenn. Crim. App. 1995); John Robert Tory, Jr. v. State, No. E2003-00019-CCA-R3-PC, 2003 WL 23021389, at *2 (Tenn. Crim. App. at Knoxville, Dec. 29, 2003). However, in State v. Burns, 6 S.W.3d 453 (Tenn. 1999), our supreme court redefined the test for determining which offenses were lesser-included offenses of a charged offense. The Burns opinion was filed on November 8, 1999. The petitioner filed his appellate brief in support of his direct appeal in this court on January 27, 2000. Therefore, the petitioner's direct appeal was in the "pipeline" when Burns was filed; thus, Burns could have been held applicable to the petitioner's case. See State v. Clifford Coleman, Sr., No. M2000-01916-CCA-R3-CD, 2002 WL 125694, at *7 (Tenn. Crim. App. at Nashville, Jan. 31, 2002), perm. to appeal denied, (Tenn. 2002) ("The decision in Burns has been consistently applied to cases within the appellate pipeline at the time of filing.").

Regardless, the petitioner failed to raise the issue of lesser-included offenses in his direct appeal. "The opportunity to raise the issue during a direct appeal of the conviction, coupled with the failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to Code section 40-30-206(g) for purposes of a post-conviction relief proceeding." State v. Townes, 56 S.W.3d 30, 35-36 (Tenn. Crim. App. 2000), overruled on other grounds by State v. Terry, 118 S.W.3d 355, 359 (Tenn. 2003). Accordingly, as we noted earlier the petitioner waived this issue by failing to raise it on direct appeal. See Tenn. Code Ann. §§ 40-30-206(g) (1997) and 40-30-106(g) (2003); Townes, 56 S.W.3d at 36; Kong C. Bounnam v. State, No. W2001-02603-CCA-R3-PC, 2002 WL 31852865, at *6 (Tenn. Crim. App. at Jackson, Dec. 20, 2002), perm. to appeal denied, (Tenn. 2003). Thus, we decline to address this issue.

## B. Ineffective Assistance of Counsel

The petitioner next claims that his counsel was ineffective in failing to determine whether two of the State's witnesses, Alice Fay Shields or Cassandra Shields, were offered a plea agreement in exchange for their testimony against the petitioner. A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

---

[3](...continued)
    no precedential value.

    (2) An opinion so designated shall not be . . . cited . . . by any litigant in any brief, or other material presented to any court . . . .

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

At the post-conviction hearing, the petitioner did not testify that he had any personal knowledge of a plea agreement between the State and Alice Fay Shields or Cassandra Shields. The petitioner's trial counsel testified that he requested information regarding any plea agreements during discovery. However, the State at no time revealed the existence of any agreements. Moreover, District Attorney General Thomas informed the court that he was unaware of a plea agreement between the State and Alice Fay Shields. The post-conviction court noted that Alice Fay Shields' files revealed that she entered a guilty plea on September 14, 1998, prior to the petitioner's trial. However, her files did not indicate that plea had any connection with Alice Fay Shields' testimony against the petitioner. The petitioner provided absolutely no proof regarding a plea involving Cassandra Shields.

In sum, there was no proof adduced at the post-conviction hearing supporting the petitioner's claim of a plea agreement between the State and Alice Fay Shields or Cassandra Shields. Thus, there was no proof that counsel was ineffective in failing "to determine whether the prosecutor had promised [the two witnesses] any consideration in exchange for their testimony." "For purposes of proving an ineffective assistance of counsel claim, proof of deficient representation by omission requires more than a speculative showing of a lost potential benefit." Owens v. State, 13 S.W.3d 742, 756 (Tenn. Crim. App. 1999). Accordingly, we conclude that the petitioner failed to meet his burden of proving by clear and convincing evidence that his trial counsel was ineffective. This issue is without merit.

### III.  Conclusion

We affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE