IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 19, 2015

# DERRICK RICHARDSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 207115    Barry A. Steelman, Judge**

---

**No. E2014-01554-CCA-R3-PC - Filed March 20, 2015**

---

The Petitioner, Derrick Richardson, appeals the Hamilton County Criminal Court's denial of his two motions to reopen his post-conviction proceedings relative to his first degree felony murder conviction and resulting life sentence. The Petitioner contends that the post-conviction court erred by denying his motions. We dismiss the appeal for lack of jurisdiction because the Petitioner failed to comply with the statutory requirements governing an appeal from the denial of a motion to reopen post-conviction proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Derrick Richardson, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; and William H. Cox III, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts underlying the Petitioner's conviction were summarized by this court in a previous appeal.

> In the early morning hours of December 8, 1993, the defendant, Gregory Strong, Stanley Gillespie, and Calvin Johnson were at or near the Heaton Street residence of LaKeysh Davis, the mother of Johnson's son. Apparently upset because Davis' husband had been shot only a short while earlier, all of the men were armed with guns. The victim, Louie Dwight, stopped his

vehicle, approached the defendant and Strong as they stood on the side of the street, and asked to buy drugs. The defendant, armed with a .38 pistol, and Strong, carrying a pump shotgun, fired several shots, took the victim's money, and threw his wallet on the ground.

Johnson testified that he and Gillespie heard the shooting and approached the scene. Johnson carried an AK47 assault rifle and Gillespie had a .380 pistol. Each fired shots. Either the defendant or Stanley Gillespie, or both, shot the victim in the legs. The victim got into his vehicle to leave, stopped, and returned to retrieve his wallet. He then drove away. After a short distance, however, the victim lost consciousness and wrecked. He died due to multiple gunshot wounds to his legs.

The Hamilton County Medical Examiner testified that the victim was struck by three bullets; there were two wounds in the right leg. A shot to the left leg pierced its main artery. All shots that struck the [victim] were fired by low velocity weapons: a .38 or a .380.

Ms. Davis stated that the defendant, Gillespie, and Strong participated in the robbery. She testified that the defendant held his weapon on the victim, took his wallet, and shot him in the leg. Strong testified that he and the defendant never had any kind of agreement to rob the victim and blamed the defendant for that offense. During the pretrial investigation, Strong stated that the defendant had shot at the victim's legs; at trial, he said he did not know who fired the shots that actually struck the victim.

The defendant, who told officers he fired his weapon twice, admitted having shot at the victim's truck but denied shooting the victim. While conceding that the victim handed him the wallet, the defendant testified that Strong took the money and was responsible for the robbery. At that point, he said, Johnson and Gillespie arrived. The defendant claimed Johnson shot at the victim's truck while Gillespie fired the fatal shots.

*State v. Derrick Richardson*, No. 03C01-9305-CR-00165, 1994 WL 247114, at *1 (Tenn. Crim. App. June 9, 1994), *perm. app. denied* (Tenn. Sept. 12, 1994).

On July 20, 1995, the Petitioner filed a petition for post-conviction relief alleging the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the denial. *See Derrick Richardson v. State*, No. 03C01-9605-CR-00186, 1998 WL 18199 (Tenn. Crim. App. Jan. 21, 1998), *perm. app. denied* (Tenn. June 8, 1998).

On July 18, 2002, the Petitioner filed a motion to reopen the post-conviction proceedings pursuant to *Gilliam v. State*, 901 S.W.2d 385 (Tenn. Crim. App. 1995), and *State v. Howard*, 30 S.W.3d 271 (Tenn. 2000), alleging that new scientific evidence existed. However, in his explanation of the new scientific evidence, he stated that the jury was improperly instructed relative to the lesser included offenses of first degree felony murder and that had the jury been instructed properly, he would not have received a life sentence.

The post-conviction court's September 20, 2002 order treated the Petitioner's motion "as an attempt to state another claim for relief on the ground of a new and retrospective constitutional right." The court noted that the time limit for filing a motion to reopen post-conviction proceedings was one year from the decision of the highest state appellate court or the United States Supreme Court establishing a new constitutional right pursuant to Tennessee Code Annotated section 40-30-217(a)(1) and that the Petitioner failed to file his motion within one year of *Gilliam* or *Howard*. The court found that the Petitioner's motion was untimely and stated that the Petitioner had ten days to file an application for permission to appeal to this court.

The Petitioner filed an application for permission to appeal to this court on November 15, 2002, which was beyond the ten-day filing period. *See Derrick Richardson v. State*, No. E2002-02747-CCA-R28-PC (Tenn. Crim. App. Mar. 11, 2003) (order). Although this court noted the untimely filing and the Petitioner's failing to attach the motion to reopen to his application for permission to appeal, it considered the Petitioner's application on its merits. This court concluded that the post-conviction court did not abuse its discretion by denying the motion to reopen and noted that *Gilliam* and *Howard* did not create a new constitutional right entitled to retrospective application. *Id.* This court also concluded that the Petitioner failed to show he was entitled to reopen his post-conviction proceedings and denied his application for permission to appeal. *Id.*

On January 5, 2005, the Petitioner filed a petition for a writ of habeas corpus alleging his judgment was void for various reasons, including that the trial court erroneously instructed the jury on first and second degree murder and on the natural and probable consequences rule. *See Derrick Richardson v. Virginia Lewis, Warden and State*, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *1 (Tenn. Crim. App. Dec. 1, 2006). The habeas corpus court dismissed the petition, in relevant part, for failure to state a cognizable claim and stated that the petition could not be treated as a petition for post-conviction relief because of the untimely filing and because the Petitioner had previously sought post-conviction relief. *Id.* On appeal, this court concluded that the Petitioner had failed to state a claim for which habeas corpus relief was warranted, that the habeas corpus court properly found that the petition was time-barred relative to post-conviction relief, and that he had previously filed a post-conviction petition. *Id.* at *2.

On February 24, 2014, the Petitioner filed a subsequent motion to reopen his post-conviction proceedings alleging that *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013), and *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012), established a new constitutional right not recognized as existing at the time of his trial. He argued *Trevino* and *Martinez* permitted him to reopen his post-conviction proceedings because post-conviction counsel's ineffectiveness at the evidentiary hearing did not result in a waiver of issues counsel failed to raise. He claimed that post-conviction counsel was ineffective by failing to subpoena witnesses to the evidentiary hearing and by failing to raise on appeal the post-conviction court's failure to comply with the written order requirement in Code section 40-30-111(b). He also argued his conviction was based on "an unconstitutionally influenced grand jury."

The post-conviction court filed a preliminary order on March 14, 2014. We note that the order states two pending motions to reopen the post-conviction proceedings were before the court. Although the appellate record only contains the Petitioner's February 24, 2014 motion to reopen, the post-conviction court's order reflects that the Petitioner also filed a motion to reopen on November 5, 2009. We glean from the court's order that the Petitioner's November 5, 2009 motion sought to reopen the proceedings on the grounds that the trial judge erroneously denied his request for special jury instructions, that Ms. Davis was willing to recant her trial testimony, and that her willingness to recant was "new, scientific evidence of his innocence." According to the court's order, this 2009 motion was not docketed and resolved, and the court discovered the motion after the Petitioner filed his 2014 motion to reopen.

Relative to the Petitioner's 2009 motion to reopen, the post-conviction court noted that the jury instruction allegation was previously raised in the appeal of the Petitioner's conviction and that no affidavit in support of Ms. Davis's willingness to recant her trial testimony was included in the motion. The court found that the motion failed to state a ground constituting new scientific evidence and that the Petitioner was not entitled to reopen his post-conviction petition. The court, though, treated the motion as a petition for a writ of error coram nobis as related to Ms. Davis's willingness to recant and ordered the Petitioner to submit Ms. Davis's executed affidavit within sixty days.

Relative to the Petitioner's 2014 motion to reopen, the post-conviction court relied on *Frazier v. State*, 303 S.W.3d 674, 680-85 (Tenn. 2010), in finding that Tennessee had yet to recognize a constitutional right to the effective assistance of post-conviction counsel. The court stated that the motion should have been denied but withheld judgment until the court decided whether to treat the 2009 motion as a petition for a writ of error coram nobis.

On April 21, 2014, the Petitioner filed his response to the post-conviction's court preliminary order. The Petitioner contended that the court wrongfully denied him relief on the motions. Relative to Ms. Davis's affidavit, the Petitioner attached an unexecuted affidavit, claimed the unexecuted affidavit was all he could find "at this time," and expressed his contempt for the court's ignoring the 2009 motion for five years and only providing him sixty days to obtain an executed affidavit. The Petitioner requested the appointment of counsel and an evidentiary hearing on both motions to reopen.

On July 11, 2014, the post-conviction court entered an order denying the 2009 and the 2014 motions to reopen. Relative to the 2009 motion, the court found that the Petitioner failed to file an executed affidavit from Ms. Davis and that the Petitioner failed to request additional time to comply with the court's preliminary order. As a result, the court found that there was no need to treat the motion as a petition for a writ of error coram nobis. Relative to the 2014 motion, the court found that the Petitioner was not entitled to reopen his post-conviction proceedings because the case law relied upon by the Petitioner applied to federal habeas corpus proceedings. This appeal followed.

The Petitioner contends that the post-conviction court erred by denying his motions to reopen his post-conviction proceedings. He argues that *Trevino* and *Martinez* permit him to reopen the proceedings because post-conviction counsel provided ineffective assistance by failing to subpoena and present a witness at the post-conviction evidentiary hearing, by failing to raise issues related to an unconstitutionally influenced grand jury, and by failing to raise on appeal the post-conviction court's failure to enter a written order in compliance with Code section 40-30-111(b). He also argues the newly discovered evidence of Ms. Davis's willingness to recant her trial testimony entitles him to an evidentiary hearing. The State responds that the appeal should be dismissed for failure to file an application for permission to appeal the post-conviction court's denial of relief. In the alternative, the State contends the Petitioner has failed to establish that a new constitutional right was created after his trial and that the right requires retrospective application.

A petitioner may seek appellate review of a post-conviction court's denial of a motion to reopen post-conviction proceedings by filing within thirty days an application for permission to appeal to the court of criminal appeals. T.C.A. § 40-30-117(c) (2012); *see* Tenn. Sup. Ct. R. 28 § 10(B). The application for permission to appeal shall include "copies of all the documents filed by both parties in the [post-conviction] court and the order denying the motion." T.C.A. § 40-30-117(c); *see* Tenn. Sup. Ct. R. 28 § 10(B). An appeal in this regard is discretionary, and a petitioner is not entitled to an appeal as of right. *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997); *see* T.R.A.P. 3(b) (delineating the availability of an appeal as of right in criminal proceedings).

Although a notice of appeal filed with the court of criminal appeals may be treated as an application for permission to appeal, the notice "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). A petitioner's failure to comply with the requirements of Tennessee Code Annotated section 40-30-117(c) "deprives this court of jurisdiction to consider the matter." *Ricky Lee Nelson a/k/a Russell Wellington v. State*, No. W2012-00045-CCA-R3-PC, 2013 WL 1197870, at *3 (Tenn. Crim. App. Mar. 25, 2013); *see Salvatore Pisano, Jr. v. State*, No. W2011-02535-CCA-R3-PC, 2012 WL 5507328, at *3 (Tenn. Crim. App. Nov. 13, 2012); *Eric Carter v. State*, No. W2008-00957-CCA-R3-PC, 2008 WL 4936719, at *2 (Tenn. Crim. App. Nov. 19, 2008); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008).

The record reflects that after the post-conviction court denied the Petitioner's motions to reopen his post-conviction proceedings, the Petitioner filed a notice of appeal with the clerk of the post-conviction court. The Petitioner did not file with this court an application for permission to appeal or a notice of appeal satisfying any of the *Graham* requirements. As a result, the Petitioner has failed to comply with the requirements of Code section 40-30-117(c). The Petitioner's filing a generic notice of appeal with the clerk of the post-conviction court and his failure to file an application for permission to appeal with the court of criminal appeals deprive this court of jurisdiction to consider the Petitioner's appeal.

Based on the foregoing, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE